In the Matter of the Claim of CARMINE CAMARDELLA et al., Appellants; DAVID BISNOFF, Doing Business as BISNOFF GARMENT COMPANY, Employer. EDWARD CORSI, as Industrial Commissioner, Respondent.— Appeal by forty-two claimants from decisions of the Unemployment Insurance Appeal Board affirming decisions of referees holding that due to impositions occasioned by fraudulent practices claimants had received various amounts in unemployment insurance benefits which were excessive and illegal. Decisions affirmed, with costs. All concur.

## (January 12, 1946.)

In the Matter of the Claim of LEE MEYER, Appellant; against SIDNEY MEYER-ATLANTA MARKET et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by claimant and his attorney from a decision of the Workmen's Compensation Board that the attorney's fee as fixed by the board shall not be a lien against the award. The statute provides that when a claim for legal services in connection with any claim arising under the statute is approved by the board it shall become a lien on the compensation awarded (Workmen's Compensation Law, § 24). The only discretion the board has is with relation to the manner of payment. Decision reversed as a matter of law, without costs, and claim remitted. All concur. [See *post*, p. 862.]

In the Matter of the Claim of MARIE TORREZ, Respondent, against H. HERTZBERG & SON et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. — Appeal by employer and insurance carrier from an award to claimant under the Workmen's Compensation Law. The only question presented concerns the identity of claimant's employer. The decision holding that at the time of her injury claimant was in the employ of the employer-appellant is sustained by the evidence. Decision affirmed, with costs to the Workmen's Compensation Board. All concur.

In the Matter of the Claim of MARY DERACLEO, Respondent, against HAMMARLUND MANUFACTURING CO., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and insurance carrier from an award to claimant under the Workmen's Compensation Law. It is claimed by appellants that a third party settlement had been made without notice. The board has found that the alleged third party was a coemployee. Award affirmed, with costs to the Workmen's Compensation Board. All concur. [See *post*, p. 862.]

In the Matter of the Claim of MARGARET WILLIAMS, Respondent, against STRONG MEMORIAL HOSPITAL, Employer, and UNIVERSITY OF ROCHESTER, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board holding that it had jurisdiction of the University of Rochester by virtue of the claim originally filed against the Strong Memorial Hospital. The board held the hospital to be a part of the appellant university and that the notice given to the hospital was sufficient to show a claim against appellant. Decision affirmed, with costs to the Workmen's Compensation Board. All concur. [See *post*, p. 862.]