In the Matter of the Claim of Fred C. Klag, Appellant, against Drug & Chemical Club, Inc., et al., Respondents. Workmen's Compensation Board, Respondent.— Appeal from decision and award of the Workmen's Compensation Board. Claimant was injured and the compensation carrier controverted his claim for compensation during a portion of the period of disability. During the period controverted, two disability benefits carriers paid disability benefits to claimant, two carriers being involved because claimant was engaged in concurrent employments. The payments by these carriers were made in pursuance of Disability Benefits Law (Workmen's Compensation Law, § 206, subd. 2) which requires the payment of disability benefits to a disabled employee where the claim for workmen's compensation benefits is controverted, but provides that if compensation is awarded the party paying the disability benefits "shall have a lien against the award for reimbursement". The Workmen's Compensation Board made an award in favor of claimant and directed reimbursement from the award to the disability benefits carriers. Claimant had attorneys acting for him on the claim. Their fee was fixed by the board but the balance left in the award after the reimbursement of the disability benefits carriers was not large enough to pay the fee in full. The board directed the reimbursement be paid first from the award, and then the attorneys' fees until the award was exhausted, and that the attorneys were to "look to the claimant for the balance of the fee". While there is an additional question implied in the record the specification of the question to be raised on appeal is limited to whether the attorneys' lien or the lien of the disability carriers has precedence. The Disability Benefits Law uses language in absolute terms, i. e., "shall have a lien against the award for reimbursement". The general rules governing liens of attorneys do not apply to compensation awards. The subject is regulated particularly by statute (Workmen's Compensation Law, § 24). An attorney's fee is a lien if approved by the board, and, what is equally important, it shall be paid from the compensation awarded "only in the manner fixed by the board". In view of the absolute nature of the reimbursement lien and the conditional nature of the attorneys' lien, hedged in as it is by the regulatory power of the board, the direction of the board for the order of payment first for reimbursement of disability benefits and then to the attorneys is admissible within the statutory scheme and within the power of the board. Award affirmed, without costs. Foster, P. J., Bergan, Coon and Imrie, JJ., concur; Halpern, J., dissents in the following memorandum: I dissent from the proposed decision and statement. I believe that the lien of the attorneys' fees is entitled to precedence over the lien of the disability benefits carriers for reimbursement. The Workmen's Compensation Board has the power to fix the amount of the attorneys' fees, but the statute provides that "If so approved, such claim or claims shall become a lien upon the compensation awarded". (Workmen's Compensation Law, § 24.) While the board has the right to fix the "manner" in which the fee "shall be paid therefrom", it has no right to declare that the fee which it has approved shall not be a lien upon the award nor has it the right to displace the lien and to give precedence to some other claim (*Matter of Meyer* v. *Meyer-Atlanta Market*, 270 App. Div. 787). Subdivision 2 of section 206 of the article of the Workmen's Compensation Law dealing with disability benefits, gives the disability benefits carrier a claim for reimbursement "out of the proceeds" of a compensation award for the same disability, and gives the carrier a lien for such reimbursement. The word "proceeds" should be

read to mean the net proceeds after the payment of the liens provided in the Workmen's Compensation Law. Any other reading would give the disability benefits carrier a windfall in that it would get the benefit of the attorney's services in establishing the controverted claim for compensation and still be free of any obligation to see that he is paid. The statute does not subrogate the disability benefits carrier to the workmen's compensation claim and does not authorize it to appear by its own attorney in the workmen's compensation proceedings. It must therefore rely upon the attorney for the claimant, in presenting and prosecuting the employee's claim, where it is controverted by the employer. In these circumstances, the reading of the statute as giving precedence to the lien of the disability benefits carrier produces a highly inequitable result. Such a reading of the statute is not required by the language and should be rejected. It should be noted in dealing with this problem that the disability benefits scheme is a contributory one and that, except where other arrangements are made, the employee is required to pay a substantial part of the cost of providing disability benefits (Workmen's Compensation Law, § 209). In this respect, the disability benefits are akin to health and accident insurance for which the employee pays part of the premium. The disability benefits scheme, of course, differs from private health and accident insurance in that there is a provision forbidding duplication of benefits with social insurance or with workmen's compensation awards, and another provision allowing reimbursement out of any recovery on behalf of the employee against a third party (Workmen's Compensation Law, §§ 206, 227). The purpose of these provisions is adequately served by allowing reimbursement of the disability benefits carrier to the extent of any net proceeds received by the employee from a workmen's compensation award or from a third-party recovery, covering the period for which disability benefits were paid. If the carrier is allowed to recover reimbursement from an award in workmen's compensation in priority to the lien of the attorney and, in consequence, the employee is required to pay the attorney out of his own funds, the carrier is in fact being given reimbursement in a greater amount than the net proceeds received by the employee as a result of workmen's compensation proceeding.