■ In the Matter of the Claim of NATHANIEL DICKMAN, Respondent, v. CITY OF NEW YORK, Respondent, and MARKHOFF, GOTTLIEB & HARKINS, Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— *Per Curiam.* Appeal by the attorneys for claimant from a decision of the Workmen's Compensation Board which denied them an attorneys' lien on the award. Claimant suffered a coronary attack and was disabled approximately three months. During this period the City of New York, his employer, paid him his full wages but charged the amounts thereof to his vacation pay and sick leave allowances. Upon returning to work, he filed a claim for compensation benefits, which was at all times controverted by the employer and a number of hearings were held; these facts further emphasizing the nature and intent of the city's payments which it now inconsistently claims were of compensation. The Referee's disallowance was reversed upon review and an award made for the period of disability. Since the employer had paid more than the amount of the award it was given credit for the amounts so paid. Appellants, attorneys for claimant throughout these proceedings, asserted they had a lien on any award. In a decision dated November 2, 1960 the board denied appellants' application on the ground that the self-insured employer's lien took precedence. This determination was rescinded on October 31, 1963 and the fee as a lien was denied upon the determination that no new fund was created by the compensation award to which the lien could attach but that it merely formalized the payments made to claimant by the employer before the attorneys were retained. In a supplemental memorandum dated January 30, 1964 the board found "no loss of wages" and that the compensation award was not a reimbursement award but was for purposes of assessments. We have previously held that an attorney's lien attaches to any compensation awarded and that the board's discretion is limited to the manner of payment (*Matter of Meyer* v. *Meyer-Atlantic Market,* 270 App. Div. 787.) In *Matter of Meyer* (*supra*), there was also no balance due to claimant because of prior payments of compensation or payments in a like manner as wages for which the payor was entitled to reimbursement. Nevertheless, we decided that the attorney's fee fixed by the board was a lien on the compensation awarded under section 24 of the Workmen's Compensation Law. Respondent attempts to distinguish this holding in that it is a self-insurer and since the so-called reimbursement is only a bookkeeping process and thus, in respondent's view, no fund is created to which a lien could attach. The statute (§ 24) states only that the claims of "attorneys and counselors-at-law for legal services in connection with any claim" shall, if approved, "become a lien upon the compensation awarded". There is no requirement that a special fund must be created or that an actual payment

between different parties must take place; but this shortened record, scanty as it is, strongly suggests that three separate funds existed or were created — i.e., payroll, sick leave allowances and reimbursement credits. Although the actual transaction here may be only a bookkeeping procedure for the respondent, the fact remains that a claim was made, compensation awarded· and the case continued. for consideration of an appropriate fee. We cannot say that this was an act of futility because claimant received no cash payment. The simple bookkeeping transfer might benefit him by restoring lost vacation and sick pay rights and credits. Although an employer is entitled to reimbursement for advance payments of compensation or payments in like manner as wages (Workmen's Compensation Law, § 25, subd. 4 [a]), it has been held even where a lien exists for reimbursement (Workmen's Compensation Law, § 206) that an attorney's lien takes precedence over a claim for reimbursement (*Matter of Klag* v. *Drug & Chem. Club*, 305 N. Y. 900, revg. 281 App. Div. 914). The respondent here controverted the claim and the fact that the compensation award with the resultant reimbursement subjects it to payment of the attorneys' lien because it is a self-insurer is insufficient reason to deny the established precedence of such a lien. Needless to say, the board's supplemental. decision characterizing the award as merely for the purposes of assessment does not change the fact that the award is by whatever name a reimbursement credit. Decision reversed, with costs to appellants, and matter remitted for further proceedings not inconsistent herewith. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.