■ In the Matter of the Claim of CHURCHILL TRAGESER, Respondent, v. STATE INSURANCE FUND, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal by State Insurance Fund, which is both employer and insurance carrier, from a decision of the Workmen's Compensation Board which (1) rejected its claim for reimbursement of the sum of $77 from an award made claimant, said sum of $77 representing claimant's attorney's fees which had previously been allowed and made liens upon prior awards and had been paid from sums credited appellant in reimbursement of the wages paid by it during disability; and (2) directed that said sum of $77 (which appellant had withheld from a subsequent award payable to claimant) be paid to claimant. Awards for disability had been made for various periods from time to time in the past and attorney's fees had been allowed from time to time in conjunction therewith and had been made liens on the particular awards. Over these periods claimant was paid full wages, this, apparently, by reason of certain sick leave and vacation credits, and the appellant in consequence received full reimbursement until May 11, 1967 when payment of wages ceased and claimant for the first time became entitled to compensation payments directly, without any credit to the appellant against them on account of wages paid. The sum of $77 now in dispute was the balance of claimant's attorney's fees paid by the appellant and remaining unreimbursed at the time of the making of the later award, which is that now before us and that which appellant seeks to reach for reimbursement. Respondent board's brief correctly contends that each of the several awards was a separate entity and each became "final and conclusive" in the absence of an appeal (Workmen's Compensation Law, § 23) or a discretionary reopening pursuant to the board's continuing jurisdiction (Workmen's Compensation Law, § 123). As respects each award, the lien for attorney's fees was "upon the compensation *awarded*" (Workmen's Compensation Law, § 24; emphasis of past tense supplied); and the prior awards having been insufficient to satisfy both the attorney's liens and the employer's right to reimbursement, the attorney's liens took precedence (*Matter of Dickman* v. *City of New York,* 25 A D 2d 931, affd. 18 N Y 2d 969).

That in such a case a carrier should share the cost of the attorney's services from which it has derived benefit is not unfair. (*Matter of Klag* v. *Drug & Chem. Club,* 281 App. Div. 914, 915 [per Halpern, J., dissenting], revd. 305 N. Y. 900, upon the dissenting memorandum in the Appellate Division.) Appellant's additional contentions seem to us insubstantial and not such as to require discussion; and the authorities cited in its brief do not, in our veiw, support its position. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Cooke, JJ., concur in memorandum by Gibson, P. J.