■ In the Matter of the Claim of ANDREW W. FEENEY, Respondent, v. NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed November 27, 1970, which determined that the carrier improperly deducted the attorney's fee of $75, which had been allowed previously and made a lien upon a prior award, from a later award of compensation. On October 31, 1968 claimant, while employed by the New York State Department of Taxation and Finance, sustained compensable injuries to his left thumb, head, chest and ninth left rib and was totally disabled from said day to December 11, 1968, between which dates he received full wages from his employer. On February 18, 1969 an award was made to claimant for disability for said period of five and four-fifths weeks at the rate of $85 per week, for a total of $493, with credit to the employer for said time at said rate. A lien on the award was made in favor of claimant's attorneys in the sum of $75, so that the net credit to the employer was $418. On February 19, 1970 a schedule award for protracted temporary total disability in addition to schedule award and for permanent partial disability of 15% binaural loss of hearing and 25% loss of the left thumb was made for the five and four-fifths weeks from October 31, 1968 to December 11, 1968 at $85 per week, in the sum of $493, and for 35 9/20 weeks from December 11, 1968 to August 16, 1969 at the rate of $70 per week, in the sum of $2,481.50. A lien on this latter award was made in favor of claimant's attorney in the sum of $350. The latter award was paid but the carrier deducted not only the $350 lien for attorney's fees provided for in it but the $75 covering the lien specified in the earlier award. There were two awards (Workmen's Compensation Law, §§ 20, 22; cf. *Matter of Piekut* v. *Philip Fleischer*, 276 App. Div. 702; *Matter of Rood* v. *Consolidated Rendering Co.*, 243 App. Div. 223). *Matter of Trageser* v. *State Ins. Fund* (31 A D 2d 857) is determinative, it being held there that each award was a separate entity, that each became "final and conclusive" in the absence of an appeal (Workmen's Compensation Law, § 23) or a discretionary reopening pursuant to the board's continuing jurisdiction (Workmen's Compensation Law, § 123) and that, as respects each award, the lien for attorney's fees was "upon the compensation *awarded*" (Workmen's Compensation Law, § 24; italics supplied). It was observed that the resultant sharing of the cost of attorney's service by the carrier in such a situation was not unfair (p. 858). The fact that, in *Trageser*, the awards were for different periods of disability does not alter the result, the significant statutory feature being that the lien for attorney's fees was upon the compensation "awarded", not upon that to be awarded. Here, the character of the first award was not rescinded but, rather, affirmed by the terms of the second award. *Matter of Ott* v. *Greenwood Cemetery* (237 App. Div. 860, affd. 262 N. Y. 532) and *Matter of Lynch* v. *Board of Educ. of City of N. Y.* (1 A D 2d 362) are not apposite since they did not involve prior awards of compensa-

tion. Appellants, in their brief, concede that there was no protracted total disability. The fact that the award of February 19, 1970 was not a true schedule award (cf. *Pinski* v. *Superoir Fireproof Door & Sash Co.,* 209 App. Div. 305) was not raised in argument before the board nor passed upon by it (*Matter of Hedlund* v. *United Exposition Decorating Co.,* 15 A D 2d 973, mot. for lv. to app. den. 11 N Y 2d 646) and is not in issue here. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur.