◼  In the Matter of the Claim of FRANK SCANDALE, Respondent, v NEW YORK TELEPHONE COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed November 28, 1975 as supplemented by decision filed January 29, 1976. Claimant sustained work-related cardiac injuries on May 13, 1974 and was paid compensation by the self-insured employer from May 14, 1974 to October 21, 1974 in advance of any award by the board. At a hearing on June 30, 1975, the referee made an award for the period of disability at the rate and for the period previously paid by the employer and continued the case. Since claimant appeared before the referee with counsel, an attorney's fee of $100 was also awarded. On this appeal the appellant employer contends that the attorney's fee cannot legally become a lien on the award after the payment of compensation had been completed because there was no fund to which a lien could attach. Appellant also objects to the board amending its original decision by opening and continuing the case. Neither contention has merit. The referee had initially continued the case and the board has an absolute right on its own motion to modify, change or correct former findings or awards (Workmen's Compensation Law, § 123; *Matter of Parella v Harold Steel Erection Co.,* 19 AD2d 451). The award of attorney's fees was proper and within the discretion of the board (Workmen's Compensation Law, § 24). The lien of the attorney attaches to any award that is made and must be paid even though the case was uncontroverted *(Matter of Dickman v City of New York,* 18 NY2d 969; *Matter of Glickman v New York State Dept. of Taxation & Finance,* 35 AD2d 1055). Decision affirmed, with costs to the Workmen's Compensation Board. Greenblott, J. P., Kane, Mahoney, Main and Larkin, JJ., concur.