■ In the Matter of the Claim of Hersey Ross, Respondent, v Standard Milling Company et al., Appellants. Workers' Compensation Board, Respondent. — Appeal from so much of a decision of the Workers' Compensation Board, filed February 5, 1980, which approved an attorney's fee of $50 as a lien upon the award also affirmed therein. Claimant had sustained a compensable back injury on March 3, 1978 in a fall from a hand truck. The carrier began payment of compensation without awaiting an award. Claimant was paid $125 a week for four and three-quarter weeks from March 8 to April 10, 1978, when claimant returned to work. The hearing was held in abeyance pending further medical consultation. A hearing scheduled for October 25, 1978 was canceled and claimant retained an attorney to represent him. A notice of retainer and a C-3 claiming further entitlement to

compensation were filed on February 1, 1979 by the attorney. A hearing was held on May 1, 1979 wherein accident, notice and causal relationship were established and a formal award was made in the same amount already paid by the carrier. A $50 legal fee was also approved for claimant's attorney and made a lien upon that award. The carrier contends that an attorney's fee may not be made a lien upon the award when claimant has already received the full amount of the award. The board found that: "the attorney's lien attaches to any award that is made and must be paid even though the case was not controverted (Dickman v. City of New York, 18 NY2d 969; Glickman v. New York State Dept. of Taxation & Finance, 35 AD2d 1055; and Scandale v. New York Telephone Co., 55 AD2d 761)." The board's approval of the attorney's fee as a lien on the award of compensation is in accord with section 24 of the Workers' Compensation Law which provides in pertinent part: "Claims of attorneys and counselors-at-law for legal services in connection with any claim arising under this chapter * * * shall not be enforceable unless approved by the board. If so approved, such claim or claims shall become a lien upon the compensation awarded * * * but shall be paid therefrom only in the manner fixed by the board." Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P.J., Sweeney, Kane, Casey and Mikoll, JJ., concur.