■ In the Matter of the Claim of MARIA CUERVO, Appellant, v CAB MOTOR COMPANY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Levine, J. Appeal from a decision of the Workers' Compensation Board, filed October 1, 1986, which ruled that claimant was not entitled to death benefits because decedent's death was unrelated to his employment.

Decedent was employed as a taxicab driver, working a 6:30 A.M. to 4:30 P.M. shift, until he was stabbed to death by an unknown assailant in a hotel in Manhattan on October 22,

1979. At approximately 3:00 P.M. on that day, just prior to the stabbing, decedent was observed arguing with a Hispanic male on the sixth floor of the hotel. Decedent's taxicab was later found parked three to four blocks from the hotel.

Claimant, decedent's wife, filed a claim for death benefits alleging that decedent's death, which occurred during his normal working hours, arose out of his employment. The Workers' Compensation Board initially found in favor of claimant but, upon reconsideration, reversed its prior decision and disallowed the claim. This appeal by claimant ensued.

Claimant contends that decedent was trying to collect a fare from his assailant when the stabbing occurred. To support this claim she relies on the statutory presumption which favors finding an injury which occurs within the time and place limits of one's employment to be compensable (see, Workers' Compensation Law § 21 [1]). This presumption primarily applies where there are no witnesses to the incident causing death or injury to the employee (see, Matter of Hurlbutt v A. J. Cerasaro, Inc., 120 AD2d 792). In addition, this presumption is rebutted by substantial evidence to the contrary (supra, at 792-793).

In the instant case there was testimony by a hotel maid who had witnessed the altercation between the two men while they were in a stairwell on the sixth floor of the hotel. According to her testimony, the other man threatened to kill decedent if he did not pay him money, to which decedent responded, "Yes, I'll pay you your money". After this, the maid heard decedent yelling for help. The manager of the hotel testified that he heard someone running down the stairs calling for help moments before decedent appeared in the lobby and fell dead.

The testimony of these two witnesses, combined with the fact that decedent's taxicab was located some distance from the hotel, contradicts claimant's contention that decedent was attempting to collect a fare from the man who killed him. Moreover, claimant was unable to produce any evidence indicating that the assailant had used decedent's taxicab services. Based on the foregoing, we conclude that the Board's determination, inferring that the altercation leading to decedent's death involved a personal dispute over money in which decedent was the debtor, is supported by substantial evidence. Claimant's objections merely go to issues of credibility or weight of the evidence, neither of which is sufficient to warrant upsetting the Board's findings.

Claimant also challenges the manner in which the Board rescinded an earlier decision by a Board panel and scheduled the matter for reconsideration. Claimant's argument that the Board failed to give the requisite notice of its decision to accept this case for full Board review under 12 NYCRR 300.16 is without merit. Moreover, it is clear that the Board has plenary authority to modify or rescind its prior decisions *(Matter of Schiffman v Fugazy Cont. Corp.,* 89 AD2d 653, 654) and that such action is unreviewable unless it is arbitrary and capricious *(Matter of Pressler v Maner Mfg.,* 72 AD2d 629, *lv denied, appeal dismissed* 49 NY2d 709, 1044). We perceive no basis for disturbing the action taken by the Board in this case.

Decision affirmed, without costs. Kane, J. P., Main, Weiss, Yesawich, Jr., and Levine, JJ., concur.