■ In the Matter of the Claim of WAYNE MARCHESE, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SER-

---

* Depositions are authorized in workers' compensation proceedings (*see,* Workers' Compensation Law §§ 121, 142; 12 NYCRR 300.33).

vices et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [741 NYS2d 306] —Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed July 10, 2000, which ruled that the fee of claimant's attorneys should be paid in a particular manner.

Claimant sustained a work-related accident in October 1997 and, despite being out of work, continued to receive full wages from his employer. After claimant's employment was terminated in December 1998, the employer's workers' compensation carrier began paying workers' compensation benefits to claimant, initially at a total disability rate and later at a moderate partial disability rate. Following a hearing in February 2000, claimant was awarded benefits for specific periods up to and including the date of the hearing, with credit to the employer and carrier for payments made. In addition, the carrier was directed to continue payments to claimant and a fee for claimant's counsel was fixed. Inasmuch as claimant had already received payments for all of the specific periods covered by the award, a dispute arose as to whether the counsel fee should be paid from that portion of the award payable to the employer as reimbursement or from the continuing payments to claimant. The Workers' Compensation Board concluded that the fee should be paid in installments from the continuing payments, prompting this appeal by claimant.

If approved by the Board, a counsel fee becomes a lien upon the compensation awarded and "shall be paid therefrom only in the manner fixed by the Board" (Workers' Compensation Law § 24). Here, in contrast to *Matter of Trageser v State Ins. Fund* (31 AD2d 857), upon which claimant relies, the Board did not direct that a portion of the counsel fee allowed in conjunction with earlier awards be paid out of a subsequent award. Rather, this case involves a single award with various components and, once approved by the Board, the counsel fee became a lien on all of the compensation encompassed by the award. The Board merely determined the component of the award from which the fee should be paid.

Claimant's argument appears to be based primarily on the theory that the continuing payments to him are subject to later adjustment and, therefore, cannot be considered an award of compensation. Claimant cites no authority for this theory and, by directing payment of the fee from the continuing payments, the Board has clearly interpreted the continuing payments as compensation within the meaning of Workers' Compensation Law § 24. In light of the broad discretion with regard to the approval and manner of payment of counsel fees vested in the

Board by the statute, we see no basis to disturb the Board's interpretation. Claimant's right to receive the continuing payments was established by the award made following the February 2000 hearing, a right which is not contingent upon any future event. Rather, the carrier is obligated to continue the payments unless and until they are suspended or modified by a subsequent Board decision. Accordingly, we reject claimant's argument that the Board could not direct that the counsel fee be paid out of the continuing payments.

Finally, inasmuch as claimant received full wages from the employer prior to the termination of his employment and thereafter received benefits from the carrier prior to the February 2000 hearing, we see nothing unfair in having the fee of the attorneys whose work benefitted claimant paid in installments from the continuing payment component of the award. As noted by the Board, the award, including the direction to continue payments, was sufficient to satisfy both the employer's right to reimbursement and the attorneys' lien. Accordingly, it was not necessary to curtail the employer's right in order to satisfy the attorneys' lien (*cf., Matter of Height v Hicksville Firestone Dealer Store*, 35 NY2d 692).

Cardona, P.J., Mercure, Carpinello and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.