In the Matter of the Claim of BRENDA L. RODD, on Behalf of DENNIS RODD, Deceased, Appellant, v CORAM FIRE DISTRICT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [785 NYS2d 753]—

Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed August 6, 2003, which, inter alia, ruled that claimant's counsel fee award was a lien against any future payments of compensation to be made to claimant.

On March 13, 1993, decedent was killed while performing his duties as a volunteer firefighter for the Coram Fire District. Claimant, decedent's widow, applied for and was awarded workers' compensation benefits under the Volunteer Firefighters' Benefit Law. At that time, her attorneys were awarded a fee of $1,300. She also commenced a third-party action which was ultimately settled in December 2000, with the consent of the District's workers' compensation carrier, for the sum of $1,407,724.91. Claimant's attorneys then made application for additional fees in the amount of $6,700 which were awarded by a Workers' Compensation Law Judge (hereinafter WCLJ) following a hearing. The WCLJ further directed that the award of counsel fees be applied as a lien against the carrier's credit arising from the third-party settlement, to be paid by the carrier at the time of the award. On appeal, the Workers' Compensation Board affirmed the WCLJ's decision. The District and the carrier sought full Board review, which was granted and the decision was rescinded. Thereafter, the Board issued another decision, based on its ruling in *Westbury Transport Inc.* (WCB Case No. 0961 0566 [July 31, 2001]), finding that the award of counsel fees was not presently payable, but rather would be applied as a

lien against any future payments of compensation the carrier would be obligated to make to claimant, presumably upon the exhaustion of the third-party settlement proceeds. Claimant appeals.

The crux of claimant's argument is that the Board's decision, as well as its prior ruling in *Westbury*, are inconsistent with our holdings in *Matter of Scandale v New York Tel. Co.* (55 AD2d 761 [1976]) and *Matter of Dickman v City of New York* (25 AD2d 931 [1966]). We disagree. In each of those cases, the employer objected to a fee being awarded to the claimant's counsel because the employer had made advance payments of compensation and there was no specific fund available for the payment of any fee. We nonetheless found in each case that a fee should be awarded. Here, there is no dispute that claimant's attorneys were awarded a fee. The dispute lies with the *timing* of its payment. As the Board is vested with "broad discretion with regard to the approval and manner of payment of counsel fees" (*Matter of Marchese v New York State Dept. of Correctional Servs.*, 293 AD2d 920, 921 [2002]), we do not view its determination to be inconsistent with our prior holdings. In our view, this case distills to the manner of the payment of claimant's counsel fees, not whether any such fees should have been awarded in the first instance.

Mercure, J.P., Crew III, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.