Stein, J.
Appeal from a decision of the Workers’ Compensation Board, filed February 1, 2012, which, among other things, ruled that claimant’s counsel fee award was a lien against any future payments of compensation to be made to claimant.
Claimant, a police officer for the City of Rye, Westchester *905 County, submitted a claim for workers’ compensation benefits after sustaining a fractured wrist on the job in July 2010. The employer did not controvert the claim and paid claimant full wages during the period of his disability, for which it sought reimbursement from its workers’ compensation carrier. On January 6, 2011, the Workers’ Compensation Board, without holding hearings, issued a proposed decision that established the claim and directed the workers’ compensation carrier to reimburse the employer for the period of July 2010 to September 2010. Shortly thereafter, claimant’s counsel filed a request for fees with the Board. On the same day that such request was faxed to the Board, the carrier made full reimbursement to the employer. The Board subsequently rescinded its January 6, 2011 decision and issued a proposed decision dated January 27, 2011 that, as relevant here, awarded claimant’s counsel a $750 fee and directed that it be paid by the carrier as a lien on the current award. The carrier objected, citing the fact that the award had already been paid and, ultimately, the Board rescinded all prior decisions and scheduled a hearing. At the hearing, the Workers’ Compensation Law Judge declined to grant counsel’s request for a fee. Upon administrative appeal, the Board modified and granted claimant’s counsel a $750 fee as a lien on any future awards made. Claimant now appeals, asserting that the counsel fee award should have been made immediately payable by the carrier as an overpayment.
We affirm. Counsel fees in conjunction with a workers’ compensation claim may be attached as a lien to “ ‘any compensation awarded,’ ” and the fact that a balance is not currently owing to a claimant does not preclude an award of fees made payable as a lien against future awards (Matter of Burke v Verizon Servs. Group, 87 AD3d 1237, 1238-1239 [2011], quoting Matter of Dickman v City of New York, 25 AD2d 931 [1966], affd 18 NY2d 969 [1966]; see generally Matter of Scandale v New York Tel. Co., 55 AD2d 761, 761 [1976]). Inasmuch as “the Board is vested with ‘broad discretion with regard to the approval and manner of payment of counsel fees’ ” (Matter of Rodd v Coram Fire Dist., 12 AD3d 890, 891 [2004], quoting Matter of Marchese v New York State Dept. of Correctional Servs., 293 AD2d 920, 921-922 [2002]; see Workers’ Compensation Law § 24), and considering that there is nothing in the record establishing that the carrier received notice of the counsel fee request before it made full reimbursement to the employer, we decline to disturb its decision to award such fees as a lien against future awards.
Rose, J.P., Spain and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.