Matter of Enoch v New York State Dept. of Corr. & Community Supervision (2020 NY Slip Op 00661)





Matter of Enoch v New York State Dept. of Corr. & Community Supervision


2020 NY Slip Op 00661


Decided on January 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 30, 2020

529293

[*1]In the Matter of the Claim of Robert Enoch, Appellant,
v
New York State Department of Corrections and Community Supervision et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: January 17, 2020

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Colangelo, JJ.


Kirk & Teff, LLP, Kingston (Justin S. Teff of counsel), for appellant.
Peter Cusick, State Insurance Fund, Albany (Edward Obertubessing of counsel), for New York State Department of Corrections and Community Supervision and another, respondents.



Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed January 9, 2019, which ruled, among other things, that the award of counsel fees was payable out of claimant's schedule loss of use award and not out of the employer's reimbursement credit.
Claimant, a correction officer, injured his right knee while undergoing physical training at the New York State Correctional Services Training Academy. He was out of work for a period of time following this incident and filed a claim for workers' compensation benefits. His claim was established for a right knee injury and his average weekly wage was set. During the time that claimant was out of work, his employer, the State, paid him his regular wages and filed a claim for reimbursement with the Workers' Compensation Board.
In November 2017, the Board issued an administrative decision that awarded claimant benefits made payable as a credit to the employer to partially reimburse it for wages that it had paid to claimant while he was out of work. At claimant's request, the Board issued an amended administrative decision identical to the first, but included an award of counsel fees of $700 made payable as a lien on the employer's reimbursement credit, effectively reducing that credit.
Following additional proceedings on the permanency of claimant's condition, the Board found that claimant had a 20% schedule loss of use of the right leg, made an award, less payments already made, and indicated that the employer's reimbursement credit was "less [the] prior attorney's fee of $700." On behalf of the employer, the State Insurance Fund (hereinafter the SIF) filed objections to this decision insofar as it reduced the employer's reimbursement credit by the amount of the counsel fee award. The Board, in turn, cancelled its decision and ordered a hearing.
Following a hearing before a Workers' Compensation Law Judge (hereinafter WCLJ), the WCLJ made the same findings as the Board, concluding that claimant had a 20% schedule loss of use of the right leg and awarded him the same sum, less payments already made. The WCLJ further found that, from claimant's schedule loss of use award, the employer was to be reimbursed, less reimbursement previously made, and that its reimbursement credit was "less [the] prior attorney's fee of $700." The SIF sought Board review of this decision insofar as the WCLJ reduced the employer's reimbursement credit by the amount of the previous counsel fee award. A panel of the Board ruled that the employer was entitled to the full reimbursement of wages paid at the time of the schedule loss of use award without any reduction for counsel fees. Accordingly, acting pursuant to its continuing jurisdiction under Workers' Compensation Law § 123, the Board panel modified the prior amended administrative decision by rescinding the counsel fee award of $700. The Board panel then modified the WCLJ's decision by directing that such award be paid out of claimant's schedule loss of use award. Claimant appeals.
Initially, Workers' Compensation Law § 25 (4) (a) provides, in relevant part, that "[i]f the employer has made advance payments of compensation, or has made payments to an employee in like manner as wages during any period of disability, [the employer] shall be entitled to be reimbursed out of any unpaid instalment or instalments of compensation due" (see Matter of Collins v Montgomery County Sheriff's Dept., 153 AD3d 1453, 1454 [2017]; Matter of Mott v Central N.Y Psychiatric Ctr., 113 AD3d 911, 911 [2014]). Moreover, where an employee ultimately obtains a schedule loss of use award, the "employer has the right to reimbursement for the full amount of wages paid during a claimant's period of disability from the claimant's schedule award" (Matter of Hendrick v City of Albany Police Dept., 227 AD2d 808, 808 [1996]; see Matter of Newbill v Town of Hempstead, 147 AD3d 1191, 1192 [2017]; Matter of Monteleone v Town of N. Castle, 73 AD3d 1422, 1423 [2010]). Counsel fees are governed by Workers' Compensation Law § 24, which provides that, if approved by the Board, such fees "shall become a lien upon the compensation awarded . . . but shall be paid therefrom only in the manner fixed by the [B]oard" (see Matter of Marchese v New York State Dept. of Correctional Servs., 293 AD2d 920, 921 [2002]). Notably, the Board is vested with "broad discretion with regard to the approval and manner of payment of counsel fees" (id. at 921; see Matter of Casale v City of Rye, 108 AD3d 904, 905 [2013]; Matter of Rodd v Coram Fire Dist., 12 AD3d 890, 891 [2004]).
Here, when the Board initially made the award of counsel fees payable as a lien on the employer's reimbursement credit, claimant was receiving temporary total disability payments and the employer's reimbursement credit was limited to the amount of those payments. At the time, the employer's reimbursement credit was the only source from which counsel fees could be paid. However, once claimant obtained a schedule loss of use award, there were sufficient funds from which the employer could receive full reimbursement of wages paid to claimant during the period of his disability, leaving claimant with an excess from which counsel fees could be paid. Continuing to reduce the employer's reimbursement credit by the counsel fee award after claimant received his schedule loss of use award would result in a windfall to claimant, essentially making the employer subsidize a portion of claimant's legal expenses. The Board panel sought to remedy this situation by exercising its continuing jurisdiction under Workers' Compensation Law § 123, rescinding the initial counsel fee award and directing that it be payable out of claimant's schedule loss of use award.
It is well settled that the Board has plenary authority, on its own motion, to modify or rescind its prior decisions and awards (see Matter of Buchanon v Adirondack Steel Casting Co., 175 AD2d 971, 971 [1991]; Matter of Cuervo v CAB Motor Co., 133 AD2d 894, 896 [1987]; Matter of Scandale v New York Tel. Co., 55 AD2d 761, 761 [1976]; see also Workers' Compensation Law § 123). Its actions in this regard are unreviewable unless they are arbitrary and/or capricious (see Matter of Buchanon v Adirondack Steel Casting Co., 175 AD2d at 971; Matter of Cuervo v CAB Motor Co., 133 AD2d at 896). Considering the obvious inequity, the Board had a rational reason for modifying its prior amended administrative decision. In view of this, and given the Board's broad discretion in determining the manner in which counsel fees shall be paid, we find no reason to disturb the Board's directive that counsel fees be paid from claimant's schedule loss of use award.
The cases relied upon by claimant do not support a contrary conclusion, as none involved the Board's exercise of its continuing jurisdiction under Workers' Compensation Law § 123 to modify and/or rescind prior awards (see Matter of Feeney v New York State Dept. of Taxation & Fin., 37 AD2d 888, 888 [1971], lv denied 29 NY2d 487 [1972]; Matter of Trageser v State Ins. Fund, 31 AD2d 857, 857 [1969]; Matter of Dickman v City of New York, 25 AD2d 931, 931 [1966], affd 18 NY2d 969 [1966]). Likewise, we are not persuaded that the Board's prior administrative decisions, upon which claimant also relies, mandate reversal. Although the Board took a different approach to the award of counsel fees in those decisions, which is consistent with that which it followed in the amended administrative decision here (see Employer: Cobleskill-Richmond CSD, 2018 WL 2417344, *4, 2018 NY Wrk Comp LEXIS 4491, *8-9 [WCB No. G120 4310, May 16, 2018]; Employer: Village of Lindenhurst, 2017 WL 1823199, *1, 2017 NY Wrk Comp LEXIS 6093, *5 [WCB No. G107 1055, Apr. 5, 2017]; Employer: St. John's University, 2016 WL 3648864, *2-3, 2016 NY Wrk Comp LEXIS 6658, *5-6 [WCB No. G102 2165, July 1, 2016]; Employer: Monroe County, 2014 WL 6673433, *2, 2014 NY Wrk Comp LEXIS 7859, *6 [WCB No. G053 4416, Nov. 17, 2014]), the Board changed course in Employer: Middle Country School District (2018 WL 4493746, *4, 2018 NY Wrk Comp LEXIS 8049, *11-12 [WCB No. G128 6311, Aug. 31, 2018]) and ruled that the claimant's counsel fees were to be paid out of his schedule loss of use award rather than the self-insured employer's reimbursement credit. The Board explained that the change in policy was necessary in order to avoid a windfall to the claimant, and it specifically disavowed the above-referenced administrative decisions, noting that they should no longer be followed (Employer: Middle Country School District, 2018 WL 4493746, at *4). The Board was entitled to depart from these earlier decisions as it acknowledged its departure and articulated a rational reason for doing so (see Matter of Danin v Shop & Stop, 115 AD3d 1077, 1079 [2014]; compare Matter of Williams v Lloyd Gunther El. Serv., Inc., 104 AD3d 1013, 1015 [2013]). Accordingly, the Board's decision must be affirmed.
Egan Jr., Clark, Mulvey and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.