Matter of Razzano v New York State Dept. of Corr. & Community Supervision (2020 NY Slip Op 03167)





Matter of Razzano v New York State Dept. of Corr. & Community Supervision


2020 NY Slip Op 03167


Decided on June 4, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 4, 2020

530027

[*1]In the Matter of the Claim of James Razzano, Appellant,
v
New York State Department of Corrections and Community Supervision et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: May 20, 2020

Before: Garry, P.J., Egan Jr., Mulvey, Devine and Colangelo, JJ.


Kirk & Teff, LLP, Kingston (Justin S. Teff of counsel), for appellant.
Hamberger & Weiss LLP, Rochester (Joseph P. DeCoursey of counsel), for New York State Department of Corrections and Community Supervision and another, respondents.



Mulvey, J.
Appeal from a decision of the Workers' Compensation Board, filed May 1, 2019, which ruled, among other things, that the employer's workers' compensation carrier did not underpay the schedule loss of use award due claimant.
Claimant, a correction officer, sustained an injury to his left shoulder while closing an inmate's door. As a result of the injury, claimant was out of work for a period of time but was paid his full wages by the employer during such absence. In connection with claimant's subsequent application for workers' compensation benefits, the employer filed a claim with the Workers' Compensation Board for reimbursement of the wages paid to claimant while he was absent from work. By decision filed March 9, 2018, a Workers' Compensation Law Judge (hereinafter WCLJ) established the work-related claim, made various awards to claimant, including awards for compensable lost time, less payments already made by the employer, and granted counsel fees in the amount of $2,050 as a lien on the credit to the employer.
Subsequently, by decision filed November 26, 2018, the WCLJ found that claimant had a 42% schedule loss of use (hereinafter SLU) of his left arm, awarded a lump-sum payment less payments already made by the employer, and awarded additional counsel fees. After claimant received the SLU award payment from the employer's workers' compensation carrier, claimant filed a request for further action contending that the initial counsel fee of $2,050 was improperly deducted from the SLU award and, therefore, he had been underpaid. Following a hearing, the WCLJ, in a decision filed January 11, 2019, found, among other things, that the carrier failed to pay the full SLU award and imposed a penalty. Upon review, the Board, by decision filed May 1, 2019, among other things, found that the employer was entitled to full reimbursement of the advanced wages without any reduction for counsel fees, modified the March 9, 2018 WCLJ decision by rescinding the award of $2,050 in counsel fees and, acting pursuant to its continuing jurisdiction under Workers' Compensation Law § 123, modified the November 26, 2018 WCLJ decision by finding that the $2,050 counsel fee was payable from the SLU award. Claimant appeals.
We are unpersuaded by claimant's contention that the Board abused its broad discretion or acted arbitrarily and capriciously in exercising its continuing jurisdiction pursuant to Workers' Compensation Law § 123 to rescind the initial counsel fee award and direct that such counsel fee be payable out of claimant's SLU award. Workers' Compensation Law § 25 (4) (a) entitles the employer "to be reimbursed out of an unpaid instalment or instalments of compensation due" for advance payment of compensation or wages paid during any period of disability. "Moreover, where an employee ultimately obtains a schedule loss of use award, the employer has the right to reimbursement for the full amount of wages paid during a claimant's period of disability from the claimant's schedule award" (Matter of Enoch v New York State Dept. of Corr. & Community Supervision, 179 AD3d 1430, 1432 [2020] [internal quotation marks and citations omitted]). Counsel fees approved by the Board are a lien on the compensation awarded and are payable in the manner fixed by the Board (see Workers' Compensation Law § 24; Matter of Enoch v New York State Dept. of Corr. & Community Supervision, 179 AD3d at 1432).
Here, the initial $2,050 award of counsel fees was a lien on the employer's reimbursement credit, which was limited to the temporary total disability and temporary partial disability payments being received by claimant — the total of which was insufficient to cover both the counsel fees and reimbursement to the employer. Once claimant received the SLU award, there were sufficient funds to satisfy the employer's right to reimbursement, leaving claimant with an excess from which counsel fees could be paid. Continuing to make the employer subsidize claimant's counsel fees under such circumstances would, as expressed by the Board, amount to a disproportionate result. As the Board exercised its continuing jurisdiction pursuant to Workers' Compensation Law § 123 and set forth a rational reason for modifying the prior WCLJ's decisions, and given its broad discretion in determining the manner in which counsel fees are paid, we find no basis to disturb the Board's directive that counsel fees be paid from claimant's SLU award (see Matter of Enoch v Department of Corrections, 179 AD3d at 1433-1434).
Garry, P.J., Egan Jr., Devine and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.