Matter of Olivier v New York State Dept. of Corr. (2025 NY Slip Op 01851)

Matter of Olivier v New York State Dept. of Corr.

2025 NY Slip Op 01851

Decided on March 27, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 27, 2025

CV-24-0199
[*1]In the Matter of the Claim of Racquel C. Olivier, Claimant,
v
New York State Dept. of Correction et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:February 10, 2025

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Powers, JJ.

Stockton, Barker & Mead, LLP, Troy (Matthew R. Mead of counsel), for appellants.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for respondent.

Aarons, J.P.
Appeal from a decision of the Workers' Compensation Board, filed January 2, 2024, which, among other things, awarded counsel fees to claimant's counsel as a lien against the award of reimbursement to the employer.
In April 2022, claimant, a correction officer, sustained work-related injuries, and her claim for workers' compensation benefits was uncontroverted by the employer. Beginning May 18, 2022, claimant was out of work due to her injuries, and the employer continued to pay her wages until November 17, 2022. From November 17, 2022 to January 25, 2023, claimant remained out of work but received her full salary using accrued time off, and, from January 25, 2023 to May 1, 2023, claimant continued to be out of work but received a rate of pay equal to half of her salary. Claimant returned to work on May 1, 2023, claimant's attorney then filed an application for counsel fees, and the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) filed an application for reimbursement of the wages that it had paid to claimant between May 18, 2022 and November 17, 2022.
At a July 2023 hearing, the claim was established, and the Workers' Compensation Law Judge (hereinafter WCLJ) rendered awards for a temporary total disability from May 18, 2022 to January 25, 2023 as a credit to the employer and for a temporary total disability from January 25, 2023 to May 1, 2023 with a credit to the employer and the balance payable to claimant. In a subsequent August 2023 decision, the WCLJ approved counsel fees of $7,222.00 to claimant's counsel, with $6,727 of that amount as a lien against the reimbursement award to the employer and the remaining $495 to be paid out of the money moving to claimant.
The carrier sought administrative review with the Workers' Compensation Board, arguing, with regard to the period May 18, 2022 to January 25, 2023, that the WCLJ improperly approved counsel fees for claimant's counsel as a lien on the amount of reimbursement awarded to the employer because there was no increase in the amount previously awarded or paid as is required under Workers' Compensation Law § 24 (2) (b). The Workers' Compensation Board affirmed the WCLJ's decision, determining that, because the WCLJ made an initial award that had increased the amount of compensation awarded and/or paid previously, it was proper under Workers' Compensation Law § 24 (2) (b) to award counsel fees in the amount of 15% of that award, "regardless of whether the awards were made as employer reimbursement." The carrier appeals, and we now affirm.
Workers' Compensation Law § 24, as relevant here, governs the amount and manner in which attorneys and licensed representatives receive compensation for their representation of claimants (hereinafter counsel fees). The statute provides, among other things, a schedule for the amount of counsel fees based upon the type of benefits awarded to a claimant (see Workers' Compensation Law § 24 [2] [a]-[f]; see also [*2]L 2021, ch 824; L 2022, ch 27). Workers' Compensation Law § 24 provides, in relevant part, that "[w]hen an award is made that increases the amount of compensation awarded or paid for a previous period or periods of temporary total or temporary partial disability, the [counsel] fee shall be fifteen percent of the increased compensation" (Workers' Compensation Law § 24 [2] [b]). Such fees, when approved by the Board, "become a lien upon the compensation awarded . . . and . . . shall be paid therefrom only in the manner fixed by the [B]oard" (Workers' Compensation Law § 24 [4]; see Matter of Shea v Icelandair, 63 AD3d 30, 31 [3d Dept 2009]; Matter of Dickman v City of New York, 25 AD2d 931, 931 [1966], affd 18 NY2d 969 [1966]).
In this case, although claimant received wages from her employer during the at-issue period, the July 2023 hearing was the first time any compensation awards were made under the Workers' Compensation Law for claimant's previous periods of temporary total disability (see Workers' Compensation Law § 2 [6]). Thus, the WCLJ's initial award necessarily was an increase of the amount of compensation awarded under the Workers' Compensation Law for a previous period or periods of temporary total or temporary partial disability. As such, the Board properly applied Workers' Compensation Law § 24 (2) (b) to award counsel fees to claimant at 15% of the WCLJ's initial award (see Matter of Peralta v Supreme Court, 1st Jud. Dept., 234 AD3d 1226, 1228 [3d Dept 2025]). Further, the Board did not abuse its discretion by directing that the counsel fees be made payable against the carrier's lien for reimbursement (see Workers' Compensation Law § 24 [4]; Matter of Peralta v Supreme Court, 1st Jud. Dept., 234 AD3d at 1228-1229; Matter of Burke v Verizon Servs. Group, 87 AD3d 1237, 1238 [3d Dept 2011]; Matter of Dickman v City of New York, 25 AD2d at 931; see generally Matter of Enoch v New York State Dept. of Corr. & Community Supervision, 179 AD3d 1430, 1432-1433 [3d Dept 2020]). To the extent that the carrier's remaining arguments are not rendered academic by our decision, they have been considered and found to be without merit.
Pritzker, Reynolds Fitzgerald, Ceresia and Powers, JJ., concur.
ORDERED that the decision is affirmed, without costs.