Matter of Jehle v DOCCS Coxsackie Corr. Facility (2025 NY Slip Op 02248)

Matter of Jehle v DOCCS Coxsackie Corr. Facility

2025 NY Slip Op 02248

Decided on April 17, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 17, 2025

CV-23-1977
[*1]In the Matter of the Claim of William Jehle, Respondent,
v
DOCCS Coxsackie Correctional Facility et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:March 28, 2025

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, McShan and Powers, JJ.

Stockton, Barker & Mead, LLP, Troy (Matthew R. Mead of counsel), for appellants.
Kirk & Teff, LLP, Kingston (Justin S. Teff of counsel), for William Jehle, respondent.
Letitia James, Attorney General, New York City (Donya Fernandez of counsel), for Workers' Compensation Board, respondent.

Aarons, J.P.
Appeal from a decision of the Workers' Compensation Board, filed September 18, 2023, which, among other things, awarded counsel fees to claimant's counsel as a lien against the award of reimbursement to the employer.
Claimant, a correction officer, sustained a work-related injury and, during his absence from work, the employer continued to pay his full wages. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) filed an application for reimbursement of the wages that it had paid claimant for that period of time should the injuries and lost time be deemed compensable. Claimant's attorney thereafter filed a claim for counsel fees. Following a hearing, the Workers' Compensation Law Judge (hereinafter WCLJ) issued a decision establishing the claim, found that claimant had a temporary total disability and made an award as a credit to the employer for reimbursement of wages paid. The WCLJ awarded claimant's counsel the requested counsel fee of $4,300 as a lien on the employer's reimbursement. On the carrier's appeal, the Workers' Compensation Board affirmed, finding that the lien was proper under Workers' Compensation Law § 24 (2) (b). This appeal by the carrier ensued.
We affirm. The carrier argues that the Board erred in awarding counsel fees pursuant to Workers' Compensation Law § 24 (2) (b) because the prior WCLJ decision setting the award did not increase the amount of compensation awarded or paid to claimant for a previous period of temporary total disability. Consequently, the carrier contends, the Board erred in granting counsel fees as a lien against the employer's reimbursement. As relevant here, Workers' Compensation Law § 24 (2) (b) provides that, "[w]hen an award is made that increases the amount of compensation awarded or paid for a previous period or periods of temporary total or temporary partial disability, the [counsel] fee shall be [15%] of the increased compensation"; "[w]hen so approved, such claim or claims [for counsel fees] shall become a lien upon the compensation awarded" (Workers' Compensation Law § 24 [4]). As we recently held, "an award of benefits for previous periods of time, for which benefits had not previously been awarded, is an increase in the amount of compensation awarded to a claimant" within the meaning of Workers' Compensation Law § 24 (2) (b) (Matter of Peralta v Supreme Court, 1st Jud. Dept., 234 AD3d 1226, 1228 [3d Dept 2025] [internal quotation marks, brackets and citation omitted]; see Matter of Olivier v New York State Dept. of Corr., ___ AD3d ___, ___, 2025 NY Slip Op 01851, *2 [3d Dept 2025]). As such, counsel fees of 15% of that initial, increased compensation were properly awarded under Workers' Compensation Law § 24 (2) (b) and, by statutory directive, approved counsel fees "shall become a lien upon the compensation awarded" (Workers' Compensation Law § 24 [4]).
We have also recently rejected the carrier's argument regarding the Board's decision to [*2]award counsel fees as a lien against the employer's reimbursement. "The fact that some or all of the benefits awarded to a claimant are subject to a reimbursement request by the employer does not affect counsel's statutory entitlement to a fee" (Matter of Peralta v Supreme Jud. Ct., 234 AD3d at 1229 [citations omitted]; see Workers' Compensation Law § 25 [4]). To the extent that the carrier argues that this will result in the employer subsidizing claimant's counsel fees, resulting in a windfall to claimant, we disagree. Claimant has only received a temporary award, not a permanent/final award or schedule loss of use; the employer remains eligible for further, full reimbursement out of future compensation awards to claimant for its advance payments of compensation during his absence (see Workers' Compensation Law § 25 [4]; compare Matter of Razzano v New York State Dept. of Corr. & Community Supervision, 184 AD3d 939, 941 [3d Dept 2020]). Accordingly, counsel fees were properly awarded as a lien against the employer's reimbursement (see Matter of Peralta v Supreme Jud. Ct., 234 AD3d at 1229).
Pritzker, Reynolds Fitzgerald, McShan and Powers, JJ., concur.
ORDERED that the decision is affirmed, without costs.