Matter of Cooper v New York City Health & Hosp. Corp. (2025 NY Slip Op 03680)

Matter of Cooper v New York City Health & Hosp. Corp.

2025 NY Slip Op 03680

Decided on June 18, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 18, 2025

CV-24-1199
[*1]In the Matter of the Claim of Tawon Cooper, Claimant,
v
New York City Health & Hospital Corp. et al., Respondents. Workers' Compensation Board, Respondent. Grey & Grey LLP, Appellant.

Calendar Date:April 28, 2025

Before:Garry, P.J., Egan Jr., Clark, Lynch and Mackey, JJ.

Grey & Grey, LLP, Farmingdale (Robert E. Grey of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, Brooklyn (Tal Edri of counsel), for Jacobi Medical Center and another, respondents.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for Workers' Compensation Board, respondent.

Clark, J.
Appeal from a decision of the Workers' Compensation Board, filed June 17, 2024, which, among other things, awarded counsel fees to claimant's counsel based on the net schedule loss of use award to claimant and as a lien against that award.
Claimant, a behavioral health associate, sustained work-related injuries when he was attacked by a patient on August 11, 2020 and remained out of work until April 4, 2022. During his absence, the self-insured employer continued to pay his full wages until March 22, 2022. Following the submission of permanency reports and testimony from claimant's treating physician and the employer's consulting physician, the parties filed various applications. As relevant to this appeal: claimant requested schedule loss of use (hereinafter SLU) awards of 15% for his right leg and 15% for his right arm; the employer applied for reimbursement of the wages paid to claimant as an advance against any future awards; and claimant's attorney sought counsel fees representing 15% of the total expected SLU award. A Workers' Compensation Law Judge (hereinafter WCLJ) established the claim for right shoulder and right knee injuries and granted claimant the requested 15% SLU awards (hereinafter the gross SLU award). The WCLJ also directed that the employer be reimbursed for wages paid to claimant while he was out of work, resulting in a payout to claimant that amounted to approximately 12% of the gross SLU award (hereinafter the net SLU award). Claimant's attorney was then awarded counsel fees of 15% of the net SLU award, payable therefrom.
Upon administrative appeal, claimant's attorney contended that counsel fees should have been 15% of the gross SLU award, and a panel of the Workers' Compensation Board agreed. The full Board, on its own motion, reviewed the Board panel's decision, rescinded it and returned the matter to said panel. The Board panel thereafter issued a decision upholding the WCLJ's determination awarding counsel fees of 15% of the net SLU award, payable from the sums due to claimant, pursuant to Workers' Compensation Law § 24 (2) (c) and (4). Claimant's attorney now appeals.
Claimant's attorney continues to argue that counsel fees should have amounted to 15% of the gross SLU award, and that it should have been payable as a lien against the reimbursement to the employer. "When presented with a question of statutory interpretation, a court's primary consideration is to ascertain and give effect to the intention of the Legislature. As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof" (Matter of Peralta v Supreme Ct., 1st Jud. Dept., 234 AD3d 1226, 1227 [3d Dept 2025] [internal quotation marks and citations omitted]). "Workers' Compensation Law § 24 (2), as relevant here, governs the amount and manner in which attorneys and licensed representatives receive compensation for their representation [*2]of claimants . . . [and] provides, among other things, a schedule for the amount of counsel fees based upon the type of benefits awarded to a claimant" (Matter of Olivier v New York State Dept. of Corr., 236 AD3d 1279, 1280 [3d Dept 2025]; see Workers' Compensation Law § 24 [2] [a]-[f] [eff Jan. 1, 2023], as amended by L 2021, ch 824, §1 and L 2022, ch 27, §1). Pursuant to Workers' Compensation Law § 24 (2) (c), "[w]hen an award is made for [SLU,] . . . the [counsel] fee shall be [15%] of the compensation due in excess of the employer or carrier's previous payments" (emphasis added).
Claimant's attorney posits that, pursuant to Workers' Compensation Law § 24 (2) (c), only "previous awards of compensation" should be deducted from a gross SLU award before a counsel fee award is calculated. Had the Legislature intended to narrow the deductions in this manner, it could have done so by setting forth a formula that calculates a counsel fee award from any "increased compensation" (Workers' Compensation Law § 24 [2] [b]; see Matter of Olivier v New York State Dept. of Corr., 236 AD3d at 1280). It did not. Rather, the computation of counsel fees involving SLU awards must be made upon an award made "in excess of . . . previous payments" (Workers' Compensation Law § 24 [2] [c]), broader language which requires the deduction of, among other things, "advance payments of compensation" and "wages" (Workers' Compensation Law § 25 [4] [a]). As the plain language of Workers' Compensation Law § 24 (2) (c) required that the employer's "previous payments" — including wages — be deducted from the gross SLU award before counsel fees are calculated, the Board correctly awarded counsel fees amounting to 15% of the net SLU award (see Workers' Compensation Law § 24 [2] [c]; compare Workers' Compensation Law § 24 [2] [b]; Matter of Olivier v New York State Dept. of Corr., 236 AD3d at 1280-1281).[FN1]
We also reject the challenge posed by claimant's attorney to the Board's directive that the counsel fee award be payable from the net SLU award due to claimant after the employer is reimbursed. Counsel fee awards "shall become a lien upon the compensation awarded . . . but shall be paid therefrom only in the manner fixed by the [B]oard" (Workers' Compensation Law § 24 [4]).[FN2] The Board has the "broad discretion" to make counsel fees payable as a lien against the employer's reimbursement credit, particularly where no amount is due directly to the claimant from which counsel fees might be paid (Matter of Enoch v New York State Dept. of Corr. & Community Supervision, 179 AD3d 1430, 1432 [3d Dept 2020] [internal quotation marks and citation omitted]). However, where, as here, a gross SLU award is sufficient to fully reimburse the employer, and there remains a net SLU award payable to claimant directly, the Board may exercise its discretion to require that counsel fees be payable as a lien against the net SLU award (see Matter of Razzano v New York State Dept. of Corr. & Community Supervision[*3], 184 AD3d 939, 941 [3d Dept 2020]; compare Matter of Olivier v New York State Dept. of Corr., 236 AD3d at 1281). As the Board noted, such a directive prevents "making the employer subsidize a portion of claimant's legal expenses" and avoids "a windfall to claimant" (Matter of Enoch v New York State Dept. of Corr. & Community Supervision, 179 AD3d at 1433; see Matter of Razzano v New York State Dept. of Corr. & Community Supervision, 184 AD3d at 941). Given the foregoing, we discern no abuse of discretion in the Board's directive that counsel fees be paid from claimant's net SLU award.
Garry, P.J., Egan Jr., Lynch and Mackey, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: The Board also noted that this practice is consistent with the prior practice of calculating counsel fees on that part of an SLU award payable to a claimant, pursuant to Workers' Compensation Law former § 24.

Footnote 2: This language predates the 2023 amendments (see Workers' Compensation Law former § 24).