■ In the Matter of RICHARD J. HENDRICK, Appellant, v CITY OF ALBANY POLICE DEPARTMENT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [642 NYS2d 434]—Mikoll, J. P. Appeal from a decision of the Workers' Compensation Board, filed August 23, 1994, which ruled that the City of Albany was entitled to reimbursement for all wages paid to claimant during his period of disability.

Claimant was employed as a police officer by the City of Albany Police Department (hereinafter the employer) when he injured his left shoulder in the course of his employment. He was on disability leave from his employment from December 20, 1990 through January 18, 1992, receiving his full salary from the employer, totaling $37,642.26 (see, General Municipal Law § 207-c). Claimant was subsequently awarded a performance of duty disability retirement and retired effective January 18, 1992. The employer thereafter submitted a claim for reimbursement of the $37,642.26 it had paid claimant in wages during his disability leave of absence.

A hearing was held before a Workers' Compensation Law Judge, resulting in a finding that claimant had suffered a schedule loss of 55% of the use of his left arm, entitling him to 171.6 weeks of compensation, payable at the partial disability rate of $280. The employer was nonetheless awarded the full amount of its requested reimbursement out of the schedule loss of use awarded to claimant. This award was affirmed by the Workers' Compensation Board. Claimant appeals.

It is claimant's contention that the employer should not be reimbursed for the full amount of salary paid to claimant during his disability leave from his award of workers' compensation benefits because this award represents compensation for a permanent *partial* disability, i.e., the 55% loss of the use of claimant's left arm. Claimant reasons that it is unfair to reimburse the employer in full from claimant's schedule award of reduced benefits. We disagree.

It has long been held that an employer has the right to reimbursement for the full amount of wages paid during a claimant's period of disability from the claimant's schedule award of worker's compensation benefits. That the reimbursement is made for payment of the claimant's entire salary from an award of partial benefits based on a finding that the claimant has suffered a permanent partial disability, rather than a

permanent total disability, is immaterial (*see, Matter of Landgrebe v County of Westchester*, 57 NY2d 1, 4; *Matter of Ott v Green-Wood Cemetery*, 262 NY 532; *Matter of Briggs v Village of Hamilton*, 136 AD2d 442, 443).

Crew III, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.