In the Matter of the Claim of PIETRO MONTELEONE, Appellant, v TOWN OF NORTH CASTLE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [900 NYS2d 920]—

Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed May 4, 2009, which ruled that the employer was entitled to reimbursement for wages paid to claimant during the period of disability.

Claimant injured his shoulder at work in 2005 and filed a claim for workers' compensation benefits. Pursuant to a stipulation negotiated in 2008, claimant and the self-insured employer agreed that claimant suffered a 25% schedule loss of use of his right arm entitling him to an award encompassing 78 weeks of compensation. Inasmuch as claimant had been paid

full wages for 46 days when he was absent from work as a result of his injury, the agreement also called for the employer to be reimbursed $11,380.86 of the total $31,200 award (see Workers' Compensation Law § 25 [4] [a]). Following a hearing, a Workers' Compensation Law Judge approved the stipulation and entered a decision incorporating it. Thereafter, claimant requested that the amount of the employer's reimbursement be modified because approximately eight days of claimant's vacation and sick leave accruals had allegedly been deducted during those 46 days. The Workers' Compensation Law Judge reduced the amount of the employer's reimbursement to $9,648.99. Upon review, the Workers' Compensation Board rescinded that determination, finding that the employer remained entitled to reimbursement in the amount of $11,380.86. Claimant appeals.

We affirm. "[A]n employer has the right to reimbursement for the full amount of wages paid during a claimant's period of disability from the claimant's schedule award of workers' compensation benefits" (Matter of Hendrick v City of Albany Police Dept., 227 AD2d 808, 808 [1996]). Moreover, whether such reimbursement would result in an unjust benefit to the employer is a question of fact for the Board, and the Board's determination in this regard will be upheld if it is supported by substantial evidence in the record (see Matter of Houda v Niagara Frontier Hockey, 16 AD3d 926, 927 [2005]). Here, pursuant to a collective bargaining agreement governing claimant's employment, the employer was required to pay claimant's full wages—without deducting any of claimant's leave accruals—for the initial six months of any lost time arising from a compensable injury. Inasmuch as the instant record does not support claimant's assertion that the employer did otherwise, the Board properly concluded that reimbursement of $11,380.86 to the employer would not create a disproportionate result in its favor (cf. Matter of Jefferson v Bronx Psychiatric Ctr., 55 NY2d 69, 71-72 [1982]).

Peters, Spain, Rose and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.