■ In the Matter of the Claim of NEDRA McFADDEN, Appellant, v NEW YORK CITY DEPARTMENT OF CORRECTION, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [916 NYS2d 323]—

Peters, J.P. Appeal from a decision of the Workers' Compensation Board, filed October 6, 2009, which ruled that the employer is entitled to reimbursement for certain benefits paid to claimant.

Claimant, a correction officer, suffered a work-related injury to her right shoulder in 2002 that led to a schedule loss of use award. A Workers' Compensation Law Judge (hereinafter WCLJ) declined to grant the self-insured employer reimbursement out of the award for wages paid to claimant while she was absent from work, opining that the employer had failed to file a request for that relief (*see* Workers' Compensation Law § 25 [4] [a]). Upon review, the Workers' Compensation Board disagreed and awarded reimbursement in the amount of $39,172.17. Claimant now appeals.

We affirm. Claimant concedes that the employer filed a claim for reimbursement, but argues that the Board's separate determination as to the reimbursement amount is unsupported by substantial evidence in the record (*see Matter of Monteleone v Town of N. Castle*, 73 AD3d 1422, 1423 [2010]; *Matter of Velji v Rural Farms Workers Opportunity*, 93 AD2d 936, 937 [1983]). The record contains the previously established average weekly wage, however, as well as forms documenting the amount of time missed by claimant due to her injury and her salary.* Moreover, claimant was subject to a collective bargaining agreement that afforded her unlimited sick leave with pay, and no basis existed for reducing the reimbursement amount sought (*see Matter of Monteleone v Town of N. Castle*, 73 AD3d at 1423).

Lastly, the employer did not appeal from prior WCLJ decisions directing it to provide a new reimbursement request supported by specific documentation and ultimately precluding it from doing so following a prolonged delay. To the extent those earlier decisions conflict with the Board's determination here, we need only note that the Board is empowered to modify or rescind prior decisions "despite [a party's] failure to take an appeal from the final order" (*Matter of Jansch v Sagamore Children's Fund*, 302 AD2d 851, 853 [2003]; *see* Workers' Compensation Law § 123; § 150 [b]).

Spain, Rose, Kavanagh and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.

---

* The reimbursement amount awarded by the Board represented the employer's request for reimbursement before the WCLJ and, while the employer points out that its initial request was inaccurately low, it did not appeal from the Board's decision and does not challenge the award.