In the Matter of the Claim of KEVIN F. BURKE, Appellant, v VERIZON SERVICES GROUP et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [929 NYS2d 646]—

Malone Jr., J.

Claimant suffered an injury at work on May 5, 2009 and applied for workers' compensation benefits. Prior to any award of benefits, the employer's workers' compensation carrier began making payments to claimant in the amount of $550 per week. In addition, as part of its benefit plan, the employer began paying claimant wages in lieu of workers' compensation benefits so that claimant was receiving his full salary. In October 2009, the employer requested reimbursement for the payments it had made in lieu of the workers' compensation benefits, but only "in the event of an award for schedule loss and/or facial disfigurement."

At a hearing, the Workers' Compensation Law Judge (hereinafter WCLJ) determined that the employer had reserved the right for reimbursement, contingent on any future schedule loss of use award. Further, the WCLJ found the injury to be work-related and awarded benefits in the amount of $550 per week for the time period of May 13, 2009 to July 20, 2009.* Although acknowledging the possibility that claimant may have a perma-

---

\* The employer claims that it paid claimant wages in lieu of compensation for this time period totaling $9,756.60.

nent disability resulting in a loss of use of an extremity, the WCLJ found no medical evidence supporting such a finding at that time. Claimant requested review by the Workers' Compensation Board, arguing that the employer should not be allowed to reserve the right to reimbursement contingent on a future schedule loss of use award. Alternatively, claimant's counsel requested that it be awarded counsel fees.

On review, the Workers' Compensation Board found that the employer had waived any current reimbursement, but had reserved its right to future reimbursement, contingent on a schedule loss of use award made on this claim. Further, the Board concluded that since there were no payments currently being made to claimant and no current reimbursement owed to the employer, there is no source of funds upon which a lien for counsel fees can attach. Based on the lack of such a source of funds, the Board denied the request for counsel fees. Claimant now appeals.

Pursuant to Workers' Compensation Law § 25 (4) (a), "[i]f the employer has made advance payments of compensation, or has made payments to an employee in like manner as wages during any period of disability, [the employer] shall be entitled to be reimbursed out of an unpaid instalment or instalments of compensation due, provided [the employer's] claim for reimbursement is filed before [an] award of compensation is made." Further, "an employer has the right to reimbursement for the full amount of wages paid during a claimant's period of disability from the claimant's schedule award of workers' compensation benefits" (*Matter of Hendrick v City of Albany Police Dept.*, 227 AD2d 808, 808 [1996]; *accord Matter of Monteleone v Town of N. Castle*, 73 AD3d 1422, 1423 [2010]). Here, the employer filed a timely claim for reimbursement, which included proof of the terms of its benefit plan and the amount requested (*see* Workers' Compensation Law § 25 [4] [c]). We discern nothing in the applicable statute that prohibits the employer from applying to be reimbursed only in the event of a future schedule loss of use award. Accordingly, we find no abuse of discretion by the Board in limiting the source of reimbursement to a future schedule award.

We do, however, find that the Board should not have denied the request for counsel fees based upon the fact that no new award money is currently flowing to claimant. A lien for counsel fees "attaches to any compensation awarded," and the fact that there is presently no balance due to claimant does not necessarily preclude an award of such fees, payable either now or as a lien against any future awards made to claimant (*Matter of*

*Dickman v City of New York*, 25 AD2d 931, 931-932 [1966], *affd* 18 NY2d 969 [1966]; *see Matter of Scandale v New York Tel. Co.*, 55 AD2d 761 [1976]; *Matter of Glickman v New York State Dept. of Taxation & Fin.*, 35 AD2d 1055 [1970], *lv denied* 28 NY2d 485 [1971]; *compare Employer: Westbury Transp., Inc.*, 2001 WL 1018096, 2001 NY Wrk Comp LEXIS 94113 [WCB No. 0961 0566, July 31, 2001]). Therefore, the matter must be remitted for further consideration by the Board.

Mercure, J.P., Spain, Kavanagh and McCarthy, JJ., concur. Ordered that the decision is modified, without costs, by reversing so much thereof as denied the request for counsel fees; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

