*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 5, 2015                517840
_____

In the Matter of the Claim of
    FRANK O'BRIEN,
                    Respondent,

        v

ALBANY COUNTY SHERIFF'S                MEMORANDUM AND ORDER
    DEPARTMENT et al.,
                    Appellants.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  January 9, 2015

Before:  McCarthy, J.P., Rose, Egan Jr. and Devine, JJ.

                        _____


        Walsh & Hacker, Albany (Glenn D. Chase of counsel), for
appellants.

        The Law Firm of Alex C. Dell, PLLC, Albany (Courtney E.
Holbrook of counsel), for Frank O'Brien, respondent.

        Eric T. Schneiderman, Attorney General, New York City
(Donya Fernandez of counsel), for Workers' Compensation Board,
respondent.

                        _____


McCarthy, J.P.

        Appeal from a decision of the Workers' Compensation Board,
filed January 22, 2013, which, among other things, ruled that the
employer was not entitled to reimbursement for certain benefits
paid to claimant.

While claimant was a correction officer for the self-insured employer, he sustained several work-related injuries to his shoulders. During periods that claimant missed time from work as a result of these injuries, the employer paid him "the full amount of his regular salary or wages" pursuant to General Municipal Law § 207-c (1). A Workers' Compensation Law Judge found that claimant had a temporary total disability for several periods of time when he was not working, and awarded benefits for those periods. For two of those time periods (from March 2008 to June 2008 and from November 2008 to April 2009), the employer did not file a request for reimbursement until after the awards of compensation for those periods had been made. The Workers' Compensation Law Judge later awarded claimant a schedule loss of use for each of his shoulders and found that the employer was precluded from seeking reimbursement for the two time periods for which it had not timely filed claims for reimbursement. Upon the application for review by the employer and its third-party administrator (hereinafter collectively referred to as the employer), the Workers' Compensation Board affirmed. The employer appeals.

Initially, we disagree with the employer's contention that the Board departed from prior precedent without explanation. The Board did not need to explain the different holding in its decision in Employer: City of Schenectady (2009 WL 2598388, 2009 NY Wrk Comp LEXIS 12631 [WCB No. 5070 3195, Aug. 12, 2009]), because a plain reading of that decision reveals that it is factually distinguishable from the present matter. There, the Board noted that the employer had made a timely reimbursement request for the relevant time periods.

Here, the Board correctly determined that the employer was required to file timely requests for reimbursement, but did not do so. Workers' Compensation Law § 25 (4) (a) provides that "[i]f the employer has made advance payments of compensation, or has made payments to an employee in like manner as wages during any period of disability, [the employer] shall be entitled to be reimbursed out of an unpaid instalment or instalments of compensation due, provided [the employer's] claim for reimbursement is filed before award of compensation is made." If this statute alone is applied here, the employer is precluded

from recovering the full wages paid to claimant pursuant to General Municipal Law § 207-c because the employer did not file requests for reimbursement prior to the initial awards of compensation benefits for the relevant time periods (see Matter of Karl v New Venture Gear, 41 AD3d 1024, 1025 [2007], lv dismissed 9 NY3d 1000 [2007]; Matter of Groth v Daimler Chrysler Corp., 41 AD3d 1021, 1022 [2007], lv dismissed and denied 9 NY3d 1000 [2007]).

The employer contends that Workers' Compensation Law § 30 applies instead. That statute provides that "any salary or wages paid to . . . [a claimant] under and pursuant to [General Municipal Law § 207-c] shall be credited against any award of compensation . . . under this chapter" (Workers' Compensation Law § 30 [3]). To analyze these provisions, "the text of a statute is the best evidence of legislative intent and, where the statutory language is clear and unambiguous, the court should construe it so as to give effect to the plain meaning of the words used" (Matter of Retired Pub. Empls. Assn., Inc. v Cuomo, 123 AD3d 92, 94-95 [2014] [internal quotation marks and citation omitted]; see Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington, 97 NY2d 86, 91 [2001]). Because these two provisions are related statutes in the Workers' Compensation Law, they "must be construed together unless a contrary legislative intent is expressed, and courts must harmonize the related provisions in a way that renders them compatible" (Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington, 97 NY2d at 91; see Matter of M.B., 6 NY3d 437, 447 [2006]). Workers' Compensation Law §§ 25 and 30 both provide a right to reimbursement out of future benefits, with section 30 being more specific regarding the statutory basis for the wage replacement payments sought to be reimbursed. Workers' Compensation Law § 25 (4) (a) additionally provides that the employer will waive that right if it fails to timely submit a claim for reimbursement. "If by any fair construction, a reasonable field of operation can be found for [both of these related] statutes, that construction should be adopted" (People v Newman, 32 NY2d 379, 390 [1973], cert denied 414 US 1163 [1974] [internal quotation marks and citation omitted]; accord Matter of Consolidated Edison Co. of N.Y. v Department of Envtl. Conservation, 71 NY2d 186, 195 [1988]; Matter of County of St.

Lawrence v Shah, 95 AD3d 1548, 1552 [2012]).  A reasonable construction of these two statutes is to read them together and conclude that the right of reimbursement granted by both statutes will be waived if the employer fails to submit a timely request for reimbursement.  Inasmuch as this is the reading adopted by the Board, its decision should not be disturbed.

    Rose, Egan Jr. and Devine, JJ., concur.


    ORDERED that the decision is affirmed, with costs to claimant.


ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court