*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   July 2, 2015                    519786
_____

In the Matter of the Claim of
    THOMAS SUNUKJIAN,
                    Appellant,

        v                                    MEMORANDUM AND ORDER

PRICE CHOPPER et al.,
                    Respondents.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____


Calendar Date:   June 1, 2015

Before:   Lahtinen, J.P., Lynch, Devine and Clark, JJ.


_____


        Sullivan Keenan Oliver & Violando, LLP, Albany (Michael J.
Keenan of counsel), for appellant.

        Stockton, Barker & Mead, LLP, Troy (John B. Paniccia of
counsel), for Price Chopper and another, respondents.


_____


Devine, J.

        Appeal from a decision of the Workers' Compensation Board,
filed January 13, 2014, which, upon reconsideration, ruled that
the employer was entitled to reimbursement for certain benefits
paid to claimant.

        In 2002, claimant was awarded workers' compensation
benefits for bilateral carpal tunnel syndrome and a consequential
bilateral shoulder injury.  Claimant was subsequently awarded a
42.82% schedule loss of use of each arm in 2004.  In 2010, by
stipulation of the parties, a Workers' Compensation Law Judge

rescinded the schedule loss of use award and classified claimant as having a permanent partial disability, with a weekly compensation rate of $185.04. Thereafter, the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) sought to be credited for the prior schedule loss of use award payments. The Workers' Compensation Board initially agreed with claimant that the employer had waived its right to the credit by failing to address the issue in the stipulation. The employer appealed, after which the full Board rescinded the decision of the Board panel and referred the case back to the panel for further consideration. Upon reconsideration, the Board ultimately determined that the employer was entitled to the credit. Claimant now appeals.

We affirm. An employer is entitled to credit for payments of a schedule loss of use award, made prior to the claimant being classified with a permanent disability, "toward the payment of compensation for periods of actual disability" (Matter of Keselman v New York City Tr. Auth., 18 AD3d 974, 976 [2005], appeal dismissed 5 NY3d 880 [2005], lv denied 6 NY3d 708 [2006]). Here, there is nothing in the stipulation or elsewhere in the record to indicate that the employer intended to waive the credit, or that the agreed-upon compensation for claimant's permanent disability would include the rescinded schedule loss of use award (cf. Matter of Aska v United Jewish Appeal, 108 AD3d 897, 898 [2013]). Contrary to claimant's contention, the Board's decision does not depart from prior Board precedent, as the Board has previously directed that an employer take credit for payments made pursuant to a prior schedule loss of use award after the parties stipulated to a permanent partial disability classification, despite the employer's failure to request such a credit at the time of the stipulation (see Employer: McIntosh Box Pallet, 2001 WL 962832, *1-*2, 2001 NY Wrk Comp LEXIS 86649, *1-*3 [WCB No. 6901 2052, Jan. 16, 2001]). Thus, while "[a] statutory or regulatory right may generally be waived by a stipulation or by conduct evincing an intent to forgo that right," substantial evidence supports the determination of the Board that neither occurred here (Matter of Hernandez v Taco Bell, Inc., 52 AD3d 891, 892-893 [2008]).

Lahtinen, J.P., Lynch and Clark, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court