*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 9, 2017          523590
_____

In the Matter of JEFFREY
    NEWBILL,
                    Appellant,

        v

TOWN OF HEMPSTEAD,                    MEMORANDUM AND ORDER
                Respondent.

WORKERS' COMPENSATION BOARD,
                Respondent.
_____

Calendar Date:  January 17, 2017

Before:  Peters, P.J., McCarthy, Egan Jr., Rose and Mulvey, JJ.

_____

        Grey & Grey, LLP, Farmingdale (Sanjai Doobay of counsel),
for appellant.

        Cherry, Edson & Kelly, LLP, Melville (David W. Faber of
counsel), for Town of Hempstead, respondent.

_____

Egan Jr., J.

        Appeal from a decision of the Workers' Compensation Board,
filed October 26, 2015, which ruled, among other things, that the
employer was entitled to reimbursement for wages paid to claimant
during the period of disability.

        Claimant, a sanitation crew chief, injured his right ankle
and foot when he slipped at work on August 15, 2013.  His claim
was later established and he was awarded disability benefits.  As
relevant here, the self-insured employer paid claimant his full
weekly wages from August 16-17, 2013 and from August 19, 2013 to

September 25, 2013.  In November 2013, the employer filed a request for reimbursement for those time periods, attesting that it had paid claimant advanced wages of $8,218.80 during that time.  The Workers' Compensation Law Judge determined that claimant had a permanent partial disability with a 20% schedule loss of use of his right foot, entitling him to 41 weeks of benefits totaling $32,931.61, less payments made.  The Workers' Compensation Law Judge also granted the employer's request for reimbursement against that schedule award for the $8,218.80 in wages paid to claimant.  The Board affirmed, and claimant appeals.

We affirm.  Workers' Compensation Law § 25 (4) (a) provides that, "[i]f the employer has made advance payments of compensation, or has made payments to an employee in like manner as wages during any period of disability, [the employer] shall be entitled to be reimbursed out of an unpaid instal[l]ment or instal[l]ments of compensation due, provided [the employer's] claim for reimbursement is filed before [an] award of compensation is made."  "[R]eimbursement must be awarded to the employer unless such reimbursement would achieve a disproportionate result, either to the employer or employee" (Matter of Mott v Central N.Y. Psychiatric Ctr., 113 AD3d 911, 911 [2014] [internal quotation marks and citation omitted]), which presents a question of fact for the Board (see Matter of Monteleone v Town of N. Castle, 73 AD3d 1422, 1423 [2010]). Claimant does not dispute that the employer paid him wages for the period of his disability prior to the schedule award and that the employer filed a timely claim for reimbursement with the Board as required by Workers' Compensation Law § 25 (4) (a) (compare Matter of Iamiceli v American Tel. & Tel., 189 AD2d 1040, 1040-1041 [1993]).  Claimant challenges the Board's reimbursement directive upon the ground that the reimbursement here covers a period of time when there were no awards of compensation made,[1] arguing that, as a result, the employer is

---

[1]  Prior to the schedule award, the employer was directed to make payments at a temporary total disability rate for specified periods in 2013 and 2014.  No compensation awards were made for the periods of August 16-17, 2013 and August 19, 2013 to

not entitled to reimbursement of wages paid to claimant during those periods of time and that the amount of reimbursement should be reduced.

However, under settled law, where, as here, a claimant ultimately receives a schedule loss of use award, "an employer has the right to reimbursement for the full amount of wages paid during a claimant's period of disability from the claimant's schedule award of worker[s'] compensation benefits" (Matter of Hendrick v City of Albany Police Dept., 227 AD2d 808, 808 [1996]; accord Matter of Burke v Verizon Servs. Group, 87 AD3d 1237, 1238 [2011]; Matter of Monteleone v Town of North Castle, 73 AD3d at 1423). Unlike an award of weekly compensation for a disability, which is based upon the actual period during which an employee is disabled from earning full wages, liability for a schedule award arises as of the date of the accident, and the weekly rate and number of weeks specified in the schedule are merely the measure by which the total amount of the award is calculated; while the decisions often list the schedule award as covering certain dates, the schedule award "is not allocable to any particular period of disability" (Matter of LaCroix v Syracuse Exec. Air Servs., Inc., 8 NY3d 348, 356 [2007] [internal quotation marks and citation omitted]; see Matter of Cruz v City of N.Y. Dept. of Children's Servs., 123 AD3d 1390, 1391 [2014], lv denied 26 NY3d 905 [2015]) and is "'independent of the time an employee actually loses from work'" (Matter of LaCroix v Syracuse Exec. Air Servs., Inc., 8 NY3d at 356, quoting Matter of Landgrebe v County of Westchester, 57 NY2d 1, 6 [1982]; see Workers' Compensation Law § 15 [3]; Matter of Briggs v Village of Hamilton, 136 AD2d 442, 444 [1988]). Inasmuch as claimant received a schedule award compensating him for the partial loss of use of his right foot, the Board was correct in finding that the employer was entitled to full reimbursement out of that award for all of its advanced payment of wages to claimant during that time (see Workers' Compensation Law § 25 [4] [a]). The fact that a temporary

---

September 5, 2013 due to the lack of medical evidence. The employer later requested reimbursement for the periods of August 16-17, 2013 and August 19-25, 2013, less one holiday, periods in which claimant was paid his full salary.

disability award was denied during part of that period based upon missing medical evidence in the Board's record is not relevant to the employer's entitlement to reimbursement.

Peters, P.J., McCarthy, Rose and Mulvey, JJ., concur.


ORDERED that the decision is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court