Clark, J.
 

 Appeal from a decision of the Workers’ Compensation Board, filed June 2, 2015, which ruled, among other things, that the employer was entitled to reimbursement for wages paid to claimant during the period of disability.
 

 In November 2011, claimant, a deputy sheriff with the Montgomery County Sheriffs Office, sustained a work-related injury to his right knee. His claim for workers’ compensation benefits was ultimately established and he was awarded disability benefits. As relevant here, the self-insured employer paid claimant his full weekly wages from November 29, 2011 through May 30, 2012 and filed a timely reimbursement request with the Workers’ Compensation Board. The parties then entered into a stipulation establishing that claimant had sustained a 21% schedule loss of use of his right leg, payable from November 28, 2011 to February 16, 2012 at the temporary total disability rate, with the balance payable at the permanent partial disability rate and the self-insured employer “to take credit for all prior payments.” Subsequently, claimant requested a hearing to address whether, pursuant to the terms of the parties’ stipulation, the employer was entitled to reimbursement out of his schedule award for the full wages previously paid or whether a late payment penalty should be imposed against the employer for an underpayment of compensation (see Workers’ Compensation Law § 25 [3] [f]). Following a hearing, a Workers’ Compensation Law Judge (hereinafter WCLJ) determined that the language of the stipulation permitted the employer to obtain reimbursement for the full wages paid to claimant during compensable lost time and that there was no underpayment, and denied claimant’s request for imposition of a penalty. Upon review, the Board affirmed, and claimant now appeals.
 

 We affirm. Workers’ Compensation Law § 25 (4) (a) provides that, “[i]f the employer has made advance payments of compensation, or has made payments to an employee in like manner as wages during any period of disability, [the employer] shall be entitled to be reimbursed out of an unpaid instal[l]ment or installments of compensation due, provided [the employer’s] claim for reimbursement is filed before [an] award of compensation is made.” Moreover, it is well settled that, where a claimant receives a schedule loss of use award, the employer is entitled to full reimbursement of the payments made during the period of disability (see Matter of Newbill v Town of Hempstead, 147 AD3d 1191, 1192 [2017]; Matter of Burke v Verizon Servs. Group, 87 AD3d 1237, 1238 [2011]; Matter of Hendrick v City of Albany Police Dept., 227 AD2d 808, 808 [1996]). Here, there is no dispute that the employer paid claimant’s full wages during the period of his disability prior to the schedule award and filed a timely claim for reimbursement with the Board (see Workers’ Compensation Law § 25 [4] [a]).
 

 We disagree with claimant’s contention that the Board departed from prior precedent without explanation. The Board was not required to explain the different holdings in the various cases cited by claimant (see Employer: Macy’s Retail Holdings Inc., 2015 WL 1277470, *2-4, 2015 NY Wrk Comp LEXIS 2009, *5-9 [Mar. 12, 2015, WCB No. G055 9938]; Employer: Health Plus, 2014 WL 935705, *2-3, 2014 NY Wrk Comp LEXIS 9894, *3-7 [Mar. 4, 2014, WCB No. 0074 0875]; Employer: NYC Tr. Auth., 2009 WL 3278200, *1-3, 2009 NY Wrk Comp LEXIS 14523, *2-7 [Oct. 1, 2009, WCB No. 0050 7068]), insofar as these holdings were factually distinguishable from the instant matter (see e.g. Matter of O’Brien v Albany County Sheriffs Dept., 126 AD3d 1064, 1065 [2015], lv denied 25 NY3d 909 [2015]). Here, unlike these prior Board holdings, the parties’ stipulation specifically indicated that the employer was “to take credit for all prior payments” (emphasis added) — without any distinction drawn between wages, awards or compensation. At the October 2013 hearing at which the stipulation was executed, claimant, upon questioning from the WCLJ, indicated that he was aware that the employer was entitled to take credit for any prior indemnity payments that he had received and, in the resulting order, the WCLJ directed the employer to “take credit for prior payments.” Moreover, there is nothing in the parties’ stipulation, nor upon our review of the record, that provides any indication that the employer intended to waive its right to reimbursement (cf. Matter of Sunukjian v Price Chopper, 130 AD3d 1120, 1121 [2015]). Accordingly, while “[a] statutory or regulatory right may generally be waived by a stipulation or by conduct evincing an intent to forgo that right,” to the extent that the Board’s reading of the parties’ stipulation is supported by substantial evidence, the decision will not be disturbed (Matter of Hernandez v Taco Bell, Inc., 52 AD3d 891, 892-893 [2008]). Therefore, we affirm the decision of the Board.
 

 McCarthy, J.P., Garry, Rose and Devine, JJ., concur.
 

 Ordered that the decision is affirmed, without costs.