Matter of Mundy v Verizon N.Y., Inc. (2019 NY Slip Op 08751)





Matter of Mundy v Verizon N.Y., Inc.


2019 NY Slip Op 08751


Decided on December 5, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 5, 2019

528095

[*1]In the Matter of the Claim of Edward Mundy, Claimant,
v
Verizon New York, Inc., et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date: November 20, 2019

Before: Clark, J.P., Mulvey, Devine and Pritzker, JJ.


Foley, Smit, O'Boyle & Weisman, Happauge (David W. Schweikert of counsel), for appellants.
Letitia James, Attorney General, New York City (Steven Segall of counsel), for respondent.

Letitia James, Attorney General, New York City (Steven Segall of counsel), for respondent.



Clark, J.P.
Appeal from a decision of the Workers' Compensation Board, filed June 4, 2018, which, among other things, declined to address the employer's request for reimbursement for wages paid to claimant during the period of disability.
Claimant sustained a work-related injury to his right knee in April 2015 but did not incur any lost time from work until March 2016. In April 2016, the employer filed a request seeking reimbursement of the wages paid to claimant during certain specified periods. The employer periodically updated its request and ultimately sought reimbursement in the amount of $28,163.05.
In March 2017, claimant sought a schedule loss of use (hereinafter SLU) award, and the parties conducted depositions of their respective experts — with claimant's expert opining that claimant had sustained a 40% SLU of his right leg and the independent medical examiner who evaluated claimant on behalf of the employer and its workers' compensation carrier opining that claimant had sustained a 10% SLU of his right leg. No hearing was held, but the parties submitted written summations to a Workers' Compensation Law Judge (hereinafter WCLJ) addressing the SLU award, wherein claimant acknowledged, among other things, that the employer was entitled to reimbursement in the amount of $28,163.05 — the precise sum requested by the employer in its January 2017 application.[FN1] By decision filed December 6, 2017, the WCLJ awarded claimant $93,156.48, less payments already made, but did not address either the employer's reimbursement request or claimant's request for counsel fees.
The carrier filed an application for review, contending that the 40% SLU award was not supported by substantial evidence, which claimant opposed. Shortly thereafter, the WCLJ issued a supplemental decision filed March 5, 2018 releasing the requested counsel fee. In response, the carrier filed a second application for review, requesting that the WCLJ's supplemental decision be rescinded pending resolution of its initial application for review by the Workers' Compensation Board. The carrier further requested that, upon consideration of its subsequent application for review, the Board "take[] into account the employer's timely reimbursement request when making awards." In response, claimant argued that the employer's request for reimbursement "should be ignored as being raised late." By decision filed June 4, 2018, the Board affirmed the WCLJ's December 2017 and March 2018 decisions and declined to address the employer's reimbursement request, citing the employer's failure "to raise the issue of reimbursement before the WCLJ in its summation . . . [or] in its first application for review of the [WCLJ's December 2017] decision." This appeal ensued.
Pursuant to Workers' Compensation Law § 25 (4) (a), "[i]f the employer has made advance payments of compensation, or has made payments to an employee in like manner as wages during any period of disability, [the employer] shall be entitled to be reimbursed out of an unpaid instal[l]ment or instal[l]ments of compensation due, provided [the employer's] claim for reimbursement is filed before [an] award of compensation is made" — unless the employer has filed a waiver of its right to reimbursement with the Board's Chair (see Matter of Collins v Montgomery County Sheriff's Dept., 153 AD3d 1453, 1454 [2017]; Matter of Newbill v Town of Hempstead, 147 AD3d 1191, 1191 [2017]; Matter of Burke v Verizon Servs. Group, 87 AD3d 1237, 1238 [2011]; Matter of Velji v Rural Farms Workers Opportunity, 93 AD2d 936, 937 [1983]). Where, as here, the employee has received an SLU award, "the employer is entitled to full reimbursement of the payments made during the period of disability" (Matter of Collins v Montgomery County Sheriff's Dept., 153 AD3d at 1454; see Matter of Newbill v Town of Hempstead, 147 AD3d at 1192; Matter of Burke v Verizon Servs. Group, 87 AD3d at 1238). Indeed, "reimbursement must be awarded to the employer unless such reimbursement would achieve a disproportionate result, either to the employer or the employee" (Matter of Mott v Central N.Y. Psychiatric Ctr., 113 AD3d 911, 911 [2014] [internal quotation marks and citation omitted]; accord Matter of Newbill v Town of Hempstead, 147 AD3d at 1191; see Matter of Houda v Niagara Frontier Hockey, 16 AD3d 926, 928 [2005]; Matter of Silvanic v Wall-To-Wall Sound & Video, 188 AD2d 996, 996 [1992]).
Here, there is no dispute that the employer paid claimant's wages (or the workers' compensation differential) during the relevant time periods and filed a timely claim for reimbursement (see Matter of Collins v Montgomery County Sheriff's Dept., 153 AD3d at 1454-1455). Additionally, the record does not reveal "any indication that the employer intended to waive its right to reimbursement" (Matter of Collins v Montgomery County Sheriff's Dept., 153 AD3d at 1455), and, as noted previously, claimant conceded in its written summation to the WCLJ that the employer was entitled to reimbursement in the amount requested — $28,163.05. Further, the WCLJ did not deny the employer's request for reimbursement; rather, it appears that the WCLJ simply overlooked such request when fashioning claimant's SLU award (see e.g. Employer: Empire City Subway, 2013 WL 5500968, *4, 2013 NY Wrk Comp LEXIS 8846, *9 [WCB No. G033 0701, Sept. 25, 3013; Employer: Van Wagner Sign Erectors, 2013 WL 4646684, *1, 2013 NY Wrk Comp LEXIS 8100, *3-4 [WCB No. G032 6286, Aug. 22, 2013]; Employer: County of Cayuga, 2013 WL 4040321, *2, 2013 NY Wrk Comp LEXIS 7180, *5-6 [WCB No. 6010 5021, Aug. 5, 2013]). Accordingly, even assuming, without deciding, that the employer was aggrieved by the WCLJ's omission in this regard, thus requiring it to raise its entitlement to reimbursement (as an alternative argument) in the initial application for Board review challenging the percentage of claimant's SLU, we find that the Board, "in an exercise of the Board's broad powers and in the interest of justice" (Employer: Village of South Glens Falls, 2013 WL 3862836, *1, 2013 NY Wrk Comp LEXIS 6620, *2 [WCB No. 5031 4517, July 17, 2013]), should have exercised its continuing jurisdiction under Workers' Compensation Law § 123 to prevent what otherwise would be a substantial windfall to claimant.
Workers' Compensation Law § 123 vests the Board with continuing power and jurisdiction over the matters before it, and "the Board's broad jurisdiction includes the power, on its own motion or on application, to modify or rescind a WCLJ's decision and its continuing jurisdiction embraces the power of modification or change with respect to former findings, awards, decisions or orders relating thereto, as in its opinion may be just" (Matter of Donovan v BOCES Rockland County, 63 AD3d 1310, 1313 [2009] [internal quotation marks, brackets, ellipses and citations omitted]; see Employer: Yonkers Residential Center, In, 2015 WL 4744149, *2, 2015 NY Wrk Comp LEXIS 7120, *3-4 [WCB No. G118 0758, Aug. 6, 2015]; Employer: NYC Dept of Sanitation, 2011 WL 2661303, *2, 2011 NY Wrk Comp LEXIS 3524, *4 [WCB No. G020 9010, July 1, 2011]). Here, "if reimbursement were denied[,] claimant would then receive both workers' compensation benefits and his full salary for the same period of time. This would result in an imbalance favorable to the employee, thus requiring that the employer be reimbursed" (Matter of Silvanic v Wall-To-Wall Sound & Video, 188 AD2d at 996; see Matter of Mott v Central N.Y. Psychiatric Ctr., 113 AD3d at 912; Matter of Houda v Niagara Frontier Hockey, 16 AD3d at 928; Employer: Lecesse Construction, 2003 WL 21104750, *2, 2003 NY Wrk Comp LEXIS 82253, *4 [WCB No. 7990 1973, May 12, 2003]). Accordingly, the Board's decision is modified to this extent.
Mulvey, Devine and Pritzker, JJ., concur.
ORDERED that the decision is modified, without costs, by reversing so much thereof as declined to address the employer's request for reimbursement for wages paid to claimant during the period of disability; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.



Footnotes

Footnote 1: Claimant's written summation provides, in relevant part, as follows: "Carrier to take credit for prior compensation payments of $29,720.05. Reimbursement to employer equals $28,163.05. Total value of SLU to claimant is $35,273.38. Based on services rendered, we respectfully request an attorney fee of $5,290."