Matter of Capers v Jacobi Med. Ctr. (2025 NY Slip Op 00706)

Matter of Capers v Jacobi Med. Ctr.

2025 NY Slip Op 00706

Decided on February 6, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 6, 2025

CV-23-1692 CV-24-0559
[*1]In the Matter of the Claim of Kaydee Capers, Appellant,
v
Jacobi Medical Center et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:January 13, 2025

Before:Egan Jr., J.P., Clark, Reynolds Fitzgerald, Fisher and Mackey, JJ.

Grey & Grey, LLP, Farmingdale (Robert E. Grey of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, Brooklyn (Patrick Lee of counsel), for Jacobi Medical Center and another, respondents.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for Workers' Compensation Board, respondent.

Clark, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed August 28, 2023, which, among other things, found that the employer was entitled to reimbursement for wages paid to claimant during the period of disability, and (2) from an amended decision of said Board, filed February 26, 2024, which, upon granting claimant's request for full Board review, modified its prior analysis and decision and ruled, among other things, that the employer was entitled to reimbursement for wages paid to claimant during the period of disability.
In August 2020, claimant, a registered nurse, was injured by a combative patient at work, and her subsequent claim for workers' compensation benefits was established for injuries to the right hand, right wrist and right third finger. In October 2021, claimant's treating physician filed a Doctor's Report of MMI/Permanent Impairment (C-4.3 form) with the Board in which he found that claimant's injuries had reached maximum medical improvement and that she had sustained a 17.5% schedule loss of use (hereinafter SLU) of the right wrist and 0% SLU of the right third finger. By Notice of Proposed Conciliation Decision (hereinafter PD-SL), dated May 12, 2022, a Workers' Compensation Law Judge (hereinafter WCLJ) proposed awarding claimant a 17.5% SLU of the right hand and 0% SLU of the right third finger and advised that the decision would become final on June 16, 2022 absent any objection. By Report of Injured Employee's Change in Employment Status Resulting From Injury (C-11 form), dated June 14, 2022, the self-insured employer objected to the WCLJ's proposed decision, arguing, among other things, that the employer is entitled to reimbursement for wages paid to claimant from August 10, 2020 to February 28, 2021. On June 22, 2022, the WCLJ cancelled the PD-SL, finding that the employer waived its right to obtain an opinion on SLU, encouraged the parties to reach an agreement and directed them to produce deposition transcripts within 45 days. By January 2023 reserved decision, a WCLJ awarded claimant a 17.5% SLU of the right hand and a 0% SLU of the right third finger, entitling her to benefits less payments already made, and awarded counsel fees to claimant's counsel. The WCLJ also imposed a monetary penalty upon the employer, noting that the employer failed to comply with several deadlines, did not produce a medical examination report, did not depose claimant's treating physician and failed to produce an independent medical examination. Upon administrative review, the Board reversed the decision of the WCLJ, finding that the employer timely filed its claim for reimbursement pursuant to Workers' Compensation Law § 25 (4) (c) and that claimant's attorney was not yet entitled to fees because no awards were payable at that time as the reimbursement amount exceeded the SLU award. Claimant applied for reconsideration and/or full Board review, and the Board issued a February 2024 amended Board panel decision. In it, the Board [*2]found, among other things, that the employer was entitled to reimbursement of the wages that it paid claimant during the period of disability because the employer filed its timely request for reimbursement before the Board made an award of compensation for an SLU. Claimant appeals from the decision and the amended decision, arguing that the Board abused its discretion in directing reimbursement to the employer of the wages it paid to claimant during her period of disability.[FN1]
We affirm. Workers' Compensation Law § 25 (4) (a) provides that, "[i]f the employer has made advance payments of compensation, or has made payments to an employee in like manner as wages during any period of disability, [the employer] shall be entitled to be reimbursed out of an unpaid instal[l]ment or instal[l]ments of compensation due, provided [the employer's] claim for reimbursement is filed before [an] award of compensation is made." "Moreover, it is well settled that, where a claimant receives [an SLU] award, the employer is entitled to full reimbursement of the payments made during the period of disability" (Matter of Collins v Montgomery County Sheriff's Dept., 153 AD3d 1453, 1454 [3d Dept 2017] [citations omitted]). Furthermore, the employer's right to reimbursement "will be waived if the employer fails to submit a timely request for reimbursement" (Matter of O'Brien v Albany County Sheriff's Dept., 126 AD3d 1064, 1066-1067 [3d Dept 2015], lv denied 25 NY3d 909 [2015]).
Here, there is no dispute that the employer paid claimant's full wages during the period of her disability; that is, between August 10, 2020 and February 28, 2021, while she was out of work due to her disability. The record reflects that the Board made only one SLU award — the final award directed on January 24, 2023 — and that the proposed conciliation decision in May 2022, which proposed an SLU award, was objected to by the employer and, therefore, was never made final. Inasmuch as the employer filed its request for reimbursement, as the Board found, on June 14, 2022 — prior to when the SLU award was made — the employer's request for reimbursement was timely. Accordingly, we discern no error in the Board's decision to grant the employer's request for reimbursement of the wages that it had paid to claimant during her period of disability (see Workers' Compensation Law § 25 [4] [a]; Matter of Collins v Montgomery County Sheriff's Dept., 153 AD3d at 1455; Matter of Newbill v Town of Hempstead, 147 AD3d 1191, 1192 [3d Dept 2017]; compare Matter of O'Brien v Albany County Sheriff's Dept., 126 AD3d at 1065-1067). To the extent that we have not addressed claimant's remaining contentions, they have been considered and found to be without merit.
Egan Jr., J.P., Reynolds Fitzgerald, Fisher and Mackey, JJ., concur.
ORDERED that the appeal from the August 28, 2023 decision is dismissed, as moot, without costs.
ORDERED that the February 26, 2024 amended decision is affirmed, without costs.

Footnotes

Footnote 1: Inasmuch as the Board's February 2024 amended decision expressly notes that its prior August 2023 decision is amended and superseded, the instant appeal from the August 2023 decision is academic and must be dismissed as moot (see Matter of McCrea v City of Buffalo, 209 AD3d 1253, 1253-1254 [3d Dept 2022]).